# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, as an organization; GEORGIA COALITION FOR THE PEOPLES' AGENDA, INC., as an organization; PROGEORGIA STATE TABLE, INC., as an organization; THIRD SECTOR DEVELOPMENT, INC., as an organization; and ASIAN AMERICANS ADVANCING JUSTICE-ATLANTA, INC., as an organization;<br><br>        Plaintiffs,<br><br>v.<br><br>STATE OF GEORGIA and BRIAN P. KEMP, in his official capacity as Secretary of State for the State of Georgia,<br><br>        Defendants. | Civil Action<br>Case No. _____<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>**Section 8 – National Voter Registration Act of 1993 (52 U.S.C. § 20507)** |

## INTRODUCTION

1. This lawsuit seeks to correct a Georgia statutory scheme that requires Georgians to register three months prior to a federal runoff election in order to vote a ballot that will count. This requirement violates Section 8 of the National Voter Registration Act of 1993 ("NVRA"), which prohibits states from imposing

registration deadlines of greater than thirty days before any federal election, specifically including a runoff election for federal office.

2. Under Georgia state law, the voter registration deadline for the June 20, 2017 federal runoff election in the Sixth Congressional District was Tuesday, March 20, 2017. As a result, eligible citizens who register between March 21 and May 22, 2017, will not be eligible to vote in the June 20, 2017 runoff election.

3. Section 8 of the NVRA prohibits States from setting registration deadlines more than thirty days in advance of any federal election. In this case, that requirement means that the registration deadline for the upcoming federal runoff election may be set no earlier than May 22, 2017—thirty days prior to the date of the election.

4. Without relief, the premature registration deadline created by Georgia's statutory scheme will prevent eligible voters from casting ballots that will count in federal runoff elections, including the Sixth Congressional District's special runoff election scheduled for June 20, 2017.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to (1) 52 U.S.C. § 20510(b), which authorizes any person aggrieved by a violation of the National

Voter Registration Act to bring a civil action in an appropriate district court for declaratory or injunctive relief; (2) 28 U.S.C. § 1343(a), because this action seeks to redress the deprivation, under color of state law, of rights, privileges and immunities secured by the NVRA; (3) 42 U.S.C. § 1983; and (4) 28 U.S.C. § 1331, because this action arises under the laws of the United States.

6. This Court has jurisdiction to grant both declaratory and injunctive relief, pursuant to 28 U.S.C. §§ 2201 and 2202 and 52 U.S.C. § 20510(b).

7. This Court has personal jurisdiction over the State of Georgia and the individual Defendant, who is a citizen of the State of Georgia and resides within this District.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

9. Plaintiff GEORGIA STATE CONFERENCE OF THE NAACP ("Georgia NAACP") is a non-partisan, interracial, nonprofit membership organization that was founded in 1941. Its mission is to eliminate racial discrimination through democratic processes and ensure the equal political, educational, social, and economic rights of all persons, including African-

Americans. It is headquartered in Atlanta and currently has approximately 10,000 members. The Georgia NAACP works to protect voting rights through litigation, advocacy, legislation, communication, and outreach. It promotes voter registration, voter education, get-out-the-vote efforts, election protection, and census participation. The Georgia NAACP has assisted in registering voters in the Sixth Congressional District both before and after the voter registration deadline of March 20, 2017. If Georgia's unlawful registration deadline remains in effect, eligible Georgians, including members of the Georgia NAACP, who register to vote as a result of the Georgia NAACP's registration efforts between March 21 and May 22, 2017, will not be permitted to vote in the June 20, 2017 Sixth Congressional District special runoff election. Georgia's unlawful registration deadline has impaired the Georgia NAACP's voter registration projects by causing the organization to divert personnel and time to assisting voters who wish to vote in the runoff election but might be unable to cast a valid ballot and to educating potential voters on compliance with the relevant laws.

10. Plaintiff THE GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC. ("GCPA") is a nonprofit corporation with its principal place of business located in Atlanta, Georgia. The GCPA is a coalition of more than 30 organizations, which collectively have more than 5,000 individual members. The

organization encourages voter registration and participation, particularly among minority and low-income citizens.  The GCPA's support of voting rights is central to its mission.  The organization commits time and resources to conducting voter registration drives, voter education, voter ID assistance, and get-out-the-vote efforts that seek to encourage voter turnout such as "Souls to the Polls."  The GCPA has engaged in these activities in Georgia's Sixth Congressional District, both before and after the voter registration deadline on March 20, 2017.  If Georgia's unlawful registration deadline remains in effect, eligible Georgians who register to vote through the GCPA's voter registration drives and other registration activities between March 21 and May 22, 2017, will not be permitted to vote in the June 20, 2017 Sixth Congressional District special runoff election. Georgia's unlawful registration deadline has impaired the GCPA's voter registration projects by causing the organization to divert personnel and time to assisting voters who wish to vote in the runoff election but might be unable to cast a valid ballot and to educating potential voters on compliance with the relevant laws.

11.    Plaintiff PROGEORGIA STATE TABLE, INC. ("ProGeorgia") is a 501(c)(3) nonprofit organization founded in 2012.  Its mission is to coordinate the civic engagement efforts of its nonprofit member groups.  ProGeorgia aims to increase voter engagement among historically underrepresented voters by supplying

5

field coordination for voter education and voter mobilization efforts. Among other activities, ProGeorgia has registered voters in Congressional District 6 at naturalization ceremonies conducted both before and after the registration deadline on March 20, 2017. If Georgia's unlawful registration deadline remains in effect, eligible Georgians who register to vote as a result of ProGeorgia's registration efforts between March 21 and May 22, 2017 will not be permitted to vote in the June 20, 2017 Sixth Congressional District special runoff election. Georgia's unlawful registration deadline has impaired ProGeorgia's voter registration projects by causing the organization to divert personnel and time to assisting voters who wish to vote in the runoff election but might be unable to cast a valid ballot and to educating potential voters on compliance with the relevant laws.

12. Plaintiff THIRD SECTOR DEVELOPMENT, INC. ("Third Sector"), is a Georgia 501(c)(3) not-for-profit corporation that was founded in 1998. The New Georgia Project ("NGP") is a non-partisan, nonprofit program of Third Sector that was launched in 2013. NGP's mission is to civically engage Georgians in underrepresented communities. NGP regularly conducts voter registration drives throughout Georgia, including in the Sixth Congressional District. NGP is registering prospective voters throughout the Sixth Congressional District, both before and after the registration deadline on March 20, 2017. If Georgia's unlawful

registration deadline remains in effect, eligible Georgians who register to vote through the NGP's voter registration drives and other registration activities between March 21 and May 22, 2017 will not be permitted to vote in the June 20, 2017 Sixth Congressional District special runoff election. Georgia's unlawful registration deadline has impaired the NGP's voter registration projects by causing the organization to divert personnel and time to assisting voters who wish to vote in the runoff election but might be unable to cast a valid ballot and to educating potential voters on compliance with the relevant laws.

13. Plaintiff ASIAN AMERICANS ADVANCING JUSTICE – ATLANTA, INC. ("Advancing Justice") is a non-partisan, nonprofit organization that was founded in 2010. Located in Norcross, Georgia, the organization's mission includes protecting and promoting the civil rights of Asian immigrants and refugees in Georgia through public policy, legal education, and civic engagement. Advancing Justice engages in voter registration, voter education, and get-out-the-vote efforts in Georgia, with a particular focus on newly naturalized immigrant and refugee Asian-Americans. Among other activities, Advancing Justice registered voters in Congressional District 6 before the registration deadline on March 20, 2017. Since the deadline passed, the organization has offered voter registration assistance to prospective applicants. If Georgia's unlawful registration deadline remains in effect,

any eligible Georgians who register to vote as a result of Advancing Justice's registration efforts through May 22, 2017 will not be permitted to vote in the June 20, 2017 Sixth Congressional District special runoff election. Georgia's unlawful registration deadline has impaired Advancing Justice's voter registration projects by causing the organization to divert personnel and time from its voter registration efforts following the deadline on March 20, 2017, and to educating potential voters on compliance with the relevant laws.

14. Defendant STATE OF GEORGIA is being sued in its capacity as a government entity responsible for the statutory scheme at issue in this case.

15. Defendant BRIAN P. KEMP is being sued in his official capacity as Georgia Secretary of State. Secretary Kemp's responsibilities include maintaining the state's official list of registered voters and preparing and furnishing information pertaining to voter registration and voting. O.C.G.A. §§ 21-2-50(a), 21-2-211. Defendant KEMP is the chief election official responsible for the coordination of Georgia's list maintenance responsibilities under the NVRA and the Help America Vote Act of 2002 ("HAVA"). O.C.G.A. §§ 21-2-210, 21-2-50.2.

## STATEMENT OF FACTS AND LAW

16. Under Section 8(a)(1) of the NVRA, each state must ensure "that any eligible applicant is registered to vote" if the applicant submits his or her

registration form more than thirty days prior to an election. 52 U.S.C. § 20507(a)(1).

17. A person is registered to vote for purposes of Section 8 of the NVRA when "the valid voter registration form of the applicant" is: (1) "submitted to the appropriate State motor vehicle authority" in accordance with 52 U.S.C. § 20504 (registration by application simultaneous with an application for a motor vehicle driver's license); (2) submitted by postmarked mail in accordance with 52 U.S.C. § 20505; (3) "accepted at the voter registration agency" in accordance with 52 U.S.C. § 20506 (in-person registration at registration sites or government offices designated by each state); or (4) otherwise "received by the appropriate State election official." 52 U.S.C. § 20507(a)(1)(A)–(D).

18. Section 3 of the NVRA defines "election" by adopting the definition in the Federal Election Campaign Act of 1971 ("FECA"), 52 U.S.C. § 30101(1). 52 U.S.C. § 20502(1).

19. The FECA defines "election" as "a general, special, primary, or runoff election." 52 U.S.C. § 30101(1)(A) (emphasis added).

20. Elections for federal office are defined so as to include elections for a "Representative in . . . Congress." 52 U.S.C. § 30101(3).

21. To be eligible to vote in a Georgia election, individuals must apply to register to vote by the fifth Monday prior to election day. O.C.G.A. § 21-2-224(b).

22. The Georgia Constitution and statutory code treat any runoff election as a "continuation" of the initial election when a candidate fails to receive a majority of the votes. *See* GA. CONST. Art. II, § 2, ¶ 2; O.C.G.A. § 21-2-501(a)(10). Section 21-2-501(a)(10) also requires that voters register by the deadline for the initial election in order to be able to vote in a runoff election.

23. The voter registration deadline for the April 18, 2017 special election in the Sixth Congressional District in Georgia was Tuesday, March 20, 2017. Under Georgia law, this March 20 deadline also applies to the special runoff election on June 20, 2017.

24. Under Georgia law, Georgia residents cannot cast a ballot that will be counted in the June 20 runoff election if they did not meet the March 20 registration deadline.

25. On March 30, 2017, the Lawyers' Committee for Civil Rights Under Law, pursuant to 52 U.S.C. § 20510(b)(2), gave written notice to Defendants, copying their counsel. The letter noted that the Georgia law violates Section 8(a)(1) of the NVRA by imposing a registration deadline that is greater than thirty days before the special runoff election to be held on June 20, 2017. The letter gave

Defendants ample opportunity to implement remedial action to comply with the federal law.  A copy of the Lawyers' Committee's notice letter is attached hereto as Exhibit A.

26.     Defendants failed to take any remedial action in response to the written notice, and on April 17, 2017, counsel in the Georgia Attorney General's Office confirmed during a phone call that the Defendants would not take any remedial action in response to the notice letter.

27.     On April 17, 2017, counsel in the Georgia Attorney General's Office confirmed during a phone call that the Defendants would not take any remedial action in response to the notice letter.

28.     Defendants' failure to extend the voter registration deadline for the June 20 special election runoff violates Section 8(a)(1) of the NVRA by denying eligible voters who register between March 21 and May 22, 2017 the right to cast a ballot in the June 20, 2017 Sixth Congressional District runoff election.

**COUNT ONE:**
**VIOLATION OF SECTION 8 OF THE NATIONAL VOTER**
**REGISTRATION ACT OF 1993**

29.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 to 28 above, as if fully set forth herein.

30.     Section 8 of the NVRA requires each state to:

11

> (1) ensure that any eligible applicant is registered to vote in an election –
>
>> A. in the case of registration with a motor vehicle application . . . if the valid voter registration form of the applicant is submitted to the appropriate State motor vehicle authority not later than the lesser of 30 days, or the period provided by State law, before the date of the election;
>>
>> B. in the case of registration by mail . . . if the valid voter registration form of the applicant is postmarked not later than the lesser of 30 days, or the period provided by State law, before the date of the election;
>>
>> C. in the case of registration at a voter registration agency, if the valid voter registration form of the applicant is accepted at the voter registration agency not later than the lesser of 30 days, or the period provided by State law, before the date of the election; and
>>
>> D. in any other case, if the valid voter registration form of the applicant is received by the appropriate State election official not later than the lesser of 30 days, or the period provided by State law, before the date of the election[.]

52 U.S.C. § 20507(a)(1).

31.    Congress' purpose in passing the NVRA was to "increase the number of eligible citizens who register to vote in elections" and "enhance[ ] the participation of eligible citizens as voters," and to protect the active role that community-based voter registration groups play in the registration process.  52 U.S.C. § 20501.

32.    The NVRA was intended to "ensure that no American is denied the ability to participate in Federal elections because of real or artificial

barriers . . . [and] to make voter registration an inclusive, rather than an exclusive opportunity in the United States." 139 Cong. Rec. H495-04 (1993) (statement of Rep. Martin Frost).

33. Toward that end, the NVRA "provides that the registration cutoff may be no more than 30 days before election or such lesser period as State may provide." H.R. Rep. No. 103-66, at 20 (1993) (Conf. Rep.).

34. Georgia's runoff election voter registration scheme violates Section 8 of the NVRA by requiring eligible Georgians to register to vote by the fifth Monday prior to the initial federal election, in order to be eligible to vote in a runoff that takes place nine weeks after the initial election. The practical effect of this scheme is to require voters to register at least three months before a federal runoff election—a requirement that violates Section 8 of the NVRA.

35. Read in conjunction, Article II, Section II, Paragraph II of the Georgia Constitution and O.C.G.A. § 21-2-501(a)(10) violate the NVRA's requirement of a thirty day registration cutoff under Section 8 for federal elections.

36. Georgia's constitutional and statutory scheme apply to all federal runoff and special runoff elections. Thus, a violation of Section 8 of the NVRA will occur every time there is a federal runoff or special runoff election in Georgia unless this scheme is enjoined.

37. Plaintiffs' counsel provided notice of this suit and made an emergency request for relief to the Georgia Secretary of State on March 30, 2017. *See* 52 U.S.C. § 20510(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that the Court:

1. Enter judgment in favor of Plaintiffs and against Defendants on the claim for relief alleged in this Complaint;

2. Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the application of Article II, Section II, Paragraph II of the Georgia Constitution and O.C.G.A. § 21-2-501(a)(10) to a federal runoff election violates Section 8 of the NVRA, 52 U.S.C. § 20507;

3. Grant Plaintiffs preliminary and permanent injunctive relief by ordering that Defendants:

    (a) allow all eligible residents of Georgia's Sixth Congressional District who have already registered to vote since March 20, 2017, and may continue to register to vote through 11:59 p.m. on May 22, 2017, to cast ballots that will count as votes in the CD 6 special runoff election on June 20, 2017;

(b)   discontinue applying Article II, Section II, Paragraph II and O.C.G.A. § 21-2-501(a)(10) to the special runoff election in the Sixth Congressional District scheduled for June 20, 2017, as well as all future runoff elections for federal office;

(c)   extend the registration deadline for the upcoming Sixth Congressional District special runoff election to no earlier than May 22, 2017;

(d)   set the registration deadline for all future runoff elections for federal offices in compliance with the NVRA's thirty day requirement;

(e)   allow all voters who are qualified electors under Georgia law to register to vote at least thirty days prior to a runoff election for federal office and cast a regular ballot that will count;

(f)   promptly publicize the extension of the voter registration deadline for the Sixth Congressional District special runoff election on the Georgia Secretary of State's website and in major metro Atlanta media outlets, including television, radio, and newspapers; and

(g)   undertake any additional action necessary to ensure Defendants' compliance with Section 8 of the NVRA in runoff elections for federal office.


4. Award Plaintiffs their reasonable attorneys' fees and costs, pursuant to statute, *see* 52 U.S.C. § 20510(c), 42 U.S.C. § 1988(b); and

5. Grant Plaintiffs such other and further relief as may be just and equitable.

Dated: April 20, 2017            Respectfully submitted,

By:   */s/ Bryan L. Sells*
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
Telephone:  (404) 480-4212
bryan@bryansellslaw.com

Ira M. Feinberg (*pro hac vice – to be filed*)
New York Bar No. 1403849
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
Telephone:  (212) 918-3509
ira.feinberg@hoganlovells.com

Jonathan Abram (*pro hac vice – to be filed*)
District of Columbia Bar No. 389896
Paul Wiley (*pro hac vice – to be filed*)
Virginia Bar No. 89673
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone:  (202) 637-5600
Facsimile:   (202) 637-5910

jonathan.abram@hoganlovells.com
paul.wiley@hoganlovells.com

Ezra D. Rosenberg *(pro hac vice – to be filed)*
New Jersey Bar No. 012671974
Julie Houk *(pro hac vice – to be filed)*
California Bar No. 114968
John Powers *(pro hac vice – to be filed)*
District of Columbia Bar No. 1024831
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue NW, Suite 400
Washington, D.C. 20005
Tel:  (202) 662-8600
Email: erosenberg@lawyerscommittee.org
Email: jhouk@lawyerscommittee.org
Email: jpowers@lawyerscommittee.org
*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, as an organization; GEORGIA COALITION FOR THE PEOPLES' AGENDA, INC., as an organization; PROGEORGIA STATE TABLE, INC., as an organization; and THIRD SECTOR DEVELOPMENT, INC., as an organization; and ASIAN AMERICANS ADVANCING JUSTICE-ATLANTA, INC., as an organization;<br><br>       Plaintiffs,<br><br>v.<br><br>STATE OF GEORGIA and BRIAN P. KEMP, in his official capacity as Secretary of State for the State of Georgia,<br><br>       Defendants. | Civil Action<br>Case No. _____ |

## **CERTIFICATE OF SERVICE**

I hereby certify that I provided notice and a copy of the foregoing

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** to Brian

Kemp, Georgia Secretary of State; C. Ryan Germany, General Counsel to the

18

Georgia Secretary of State; Russell Willard. Esq., Senior Assistant Attorney General, and Cristina Correia, Assistant Attorney General, by electronic mail at the following email addresses:

Brian P. Kemp: bpkemp@sos.ga.gov
C. Ryan Germany, Esq.: rgermany@sos.ga.gov
Russell Willard, Esq.: rwillard@law.ga.gov
Cristina Correia, Esq.: ccorreia@law.ga.gov

Formal service of this document will follow by hand.

This 20th day of April, 2017.

> By: */s/ Bryan L. Sells*
> Bryan L. Sells
> Georgia Bar No. 635562
> The Law Office of Bryan L. Sells, LLC
> Post Office Box 5493
> Atlanta, Georgia 31107-0493
> Phone: (404) 480-4212
> bryan@bryansellslaw.com