IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, et al., | |
| Plaintiffs, | |
| v. | CA No. 1:17cv01397-TCB |
| STATE OF GEORGIA and BRIAN KEMP, in his official capacity as Secretary of State for the State of Georgia, | |
| Defendants. | |

## CONSENT DECREE

Plaintiffs filed this action against the State of Georgia (the "State" or "Georgia") and Georgia's Secretary of State, Brian P. Kemp ("the Secretary"), pursuant to the National Voter Registration Act (NVRA), 52 U.S.C. § 20507(a)(1), seeking to enjoin Defendants from applying state law requirements that deem a run-off a "continuation" of the prior election and dictate that only voters who are registered at least thirty days prior to the election that leads to a run-off are eligible to vote in the run-off election. *See* Ga. Const. Art. II, Sec. 2, Para. II; O.C.G.A. §§ 21-2-501(a)(10) and 21-2-152(c).

1

The NVRA provides that where an eligible voter registration applicant submits an application for registration not later than the lesser of 30 days, or the period provided by State law, before the date of the election, including any run-off election, the applicant has timely registered for that election. 52 U.S.C. § 20507(a)(1).

This Court has jurisdiction of this action pursuant to 52 U.S.C. § 20510(b) and 28 U.S.C. §§ 1331 and 1343(a)(4).

In order to avoid the burden, delays, and uncertainties of litigation and to efficiently and expeditiously promote the parties' shared goal of ensuring that Georgia's voters are afforded the rights guaranteed by the requirements of the NVRA, the parties consent to the terms of this Order.

WHEREFORE, the parties having freely given their consent, and the terms of the Consent Decree being fair, reasonable, and consistent with the requirements of the NVRA, it is hereby ORDERED, ADJUDGED and DECREED that:

1) Defendant, the "State of Georgia" is hereby dismissed from this action.

2) Defendant, Secretary of State, and the Secretary of State's officers, assigns, successors, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them, are hereby enjoined from enforcing

or relying on Ga. Const. Art. II, Sec. 2, Para. II, and O.C.G.A. §§ 21-2-501(a)(10) and 21-2-152(c), or any other state statutory or constitutional provision, for the purpose of establishing the voter registration deadline for *any* election for *federal* office, including runoff elections, that is later than the lesser of 30 days, or the period provided by State law, before the date of the election. No other aspect of these state laws is enjoined.

3) The voter-registration deadline for all elections for *federal* office, including all run-off elections, shall be the close of business on the thirtieth day prior to the election, or the time otherwise prescribed by state law, whichever is less. Pursuant to O.C.G.A. § 21-2-14 and § 21-2-224(a), if such deadline should fall on a Saturday, Sunday or legal holiday, the voter-registration deadline shall be the close of business on the following business day.

4) Upon entry of this Consent Order by the Court, Plaintiffs shall be entitled to file a motion for reasonable attorneys' fees and costs from Defendant. The amount of such attorneys' fees and costs shall be determined pursuant to the procedures set forth in Northern District of Georgia Civil Local Rule 54.2 (hereinafter, L.R. 54.2) and other applicable legal authorities. Plaintiffs shall file and serve the initial special motion pursuant to L.R. 54.2(A)(1) within thirty (30) days of entry of the Consent Order. Plaintiffs shall thereafter file and serve the

detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation required pursuant to L.R. 54.2(A)(2), within sixty (60) days of the filing of the initial special motion under Local Rule 54.2(A)(1). Defendants shall have thirty days from the date Plaintiffs file their detailed specification and itemization of the requested award to object or otherwise respond to Plaintiffs' motion. Plaintiffs may file an optional reply within twenty (20) days of the filing of Defendants' objection(s) or other response to Plaintiffs' motion. In the interests of judicial economy, the parties agree that Plaintiffs may include application for an award of their taxable, as well as non-taxable, costs in the special motion filed pursuant to L.R. 54.2, to the extent such costs are recoverable. Defendants shall bear their own costs and attorneys' fees.

IT IS SO ORDERED THIS 13 Day of Oct., 2017.

Hon. Timothy C. Batten, Sr.
District Court Judge