# EXHIBIT 1

Declaration of Julie M. Houk
In Support of Plaintiffs' Special Motion for an
Award of Attorneys' Fees and Expenses
Pursuant to 52 U.S.C. § 20510(c), Federal Rule
of Civil Procedure 54(d) and Local Rule 54.2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **GEORGIA STATE CONFERENCE OF** * <br> **THE NAACP, et al.,** * <br> * <br> **Plaintiffs,** * <br> * <br> **v.** * <br> * <br> **STATE OF GEORGIA and** * <br> **BRIAN KEMP, in his official capacity** * <br> **as Secretary of State for the State of** * <br> **Georgia,** * <br> * <br> **Defendants.** * | **CA No. 1:17cv01427-TCB** |

**DECLARATION OF JULIE M. HOUK IN SUPPORT OF PLAINTIFFS'**
**SPECIAL MOTION FOR AN AWARD OF ATTORNEYS' FEES AND**
**EXPENSES PURSUANT TO 52 U.S.C. §20510(c), FEDERAL RULE OF**
**CIVIL PROCEDURE 54(d) AND LOCAL RULE 54.2**

I, Julie M. Houk, having been duly sworn, do hereby declare:

1. My name is Julie M. Houk.  I am over the age of 21 and am fully

competent to execute this Declaration. The matters stated herein are true and

correct based upon my personal knowledge, except where specifically stated

otherwise.

2.  I have been admitted to practice before this Court in this matter *pro hac*

*vice* and represent the Plaintiffs in the above-styled action. I am employed as a

1

Senior Special Counsel in the Voting Rights Project at the Lawyers' Committee for

Civil Rights Under Law.  The Lawyers' Committee for Civil Rights Under Law is

a nonprofit, nonpartisan organization that was created in 1963 at the request of

President John F. Kennedy to enlist the private bar's leadership and resources in

combating racial discrimination and the resulting inequality of opportunity,

including in voting rights matters.

3.  Plaintiffs brought this litigation seeking to enjoin Georgia's runoff

election voter registration scheme which required eligible Georgians to register to

vote more than thirty days prior to runoff elections for federal offices in violation

of Section 8 of the National Voter Registration Act of 1993, 52 U.S.C. §

20507(a)(1) (hereinafter, "NVRA").

4.  At the time this action was commenced by Plaintiffs, Georgia law

required eligible Georgians to register in advance of the first round of the elections

that led to the runoff, which was more than thirty days in advance of runoff

elections for federal offices, in violation of 52 U.S.C. §20507(a)(1).  *See*, Ga.

Const. Art. II, § 2, ¶2 and O.C.G.A. §§21-2-501(a)(10) and 21-2-152(c).

5.  Prior to commencing this litigation, Plaintiffs' counsel served Defendant

Brian Kemp, the Chief Election Official for the State of Georgia, with written

notice pursuant to 52 U.S.C. § 20510(b) which informed Defendant Kemp that the

runoff election voter registration scheme set forth in the aforementioned state laws violated Section 8 of the NVRA by requiring voters in runoff elections for federal offices to register to vote more than thirty days prior to said elections. (*See*, ECF Doc. 1, ¶25, Exhibit A).  Although this notice gave Defendant Kemp an opportunity to voluntarily come into compliance with federal law, Defendant Kemp chose not to take any remedial action in response to this notice. (*See*, ECF Doc. 1, ¶26).

6.  As a result of Defendant's failure to take any remedial action to comply with Section 8 of the NVRA, Plaintiffs had no choice but to commence litigation to bring Defendants into compliance with the federal law.

7.  Because the special runoff election for Georgia's Sixth Congressional District on June 20, 2017 was imminent and, under existing Georgia law, eligible voters would be barred from registering for that election if they had not registered to vote by March 20, 2017 in violation of Section 8 of the NVRA, Plaintiffs' counsel drafted and filed a Complaint (*See*, ECF Doc. 1) seeking to enjoin enforcement of the Georgia laws in conflict with Section 8 of the NVRA, as well as an emergency motion for a temporary restraining order and preliminary injunction seeking relief to ensure that eligible Georgians who wanted to register to

vote in that election would have an opportunity to do so up to thirty days prior to that election. (*See*, ECF Doc. 2).

8.  After the Complaint was filed, Plaintiffs' counsel were retained to represent Jill Boyd Myers, an individual voter who moved to the Sixth Congressional District after the March 20, 2017 voter registration deadline and would have been precluded from voting in the June 20, 2017 special runoff election as a result of the state's voter registration scheme that violated Section 8 of the NVRA.  Plaintiffs' counsel prepared and filed an Amended Complaint (*See*, ECF Doc. 17) to join Ms. Myers as a Plaintiff in the litigation, as well as a Consent Motion to supplement Plaintiffs' emergency motions with Plaintiff Myers' Declaration setting forth the factual bases for her claim under Section 8 of the NVRA. (*See*, ECF Doc. 19).  The Court granted said Consent Motion on April 26, 2017 by way of a minute order.

9.  Thereafter, Defendants opposed Plaintiffs' motion for emergency relief. (*See*, ECF Doc. 20).  As a result, Plaintiffs were required to file a reply to Defendants' opposition to the motion (See, ECF Doc. 25).  Defendants then filed a sur-reply brief (See, ECF Doc. 26) and counsel for the parties appeared in Court on May 4, 2017 for a contested hearing on the merits of the motion.

4

10.  On May 4, 2017, the Court partially granted Plaintiffs' emergency motion for a preliminary injunction, enjoined Defendants from enforcing Georgia's runoff voter registration scheme in the Sixth Congressional District special runoff election on June 20, 2017, and extended the voter registration deadline for that election from March 20, 2017 to May 21, 2017. (*See*, ECF Doc. 29).

11.  Following entry of the Court's Order on the emergency motion for preliminary injunction, Plaintiffs' counsel monitored the progress of the processing of voter registration applications that were submitted between March 21, 2017 and May 21, 2017 in the three counties (Cobb, Fulton and DeKalb) comprising the Sixth Congressional District, to ensure that the applications submitted by eligible Georgians after the Court's Order extending the registration period were being processed in a timely manner.  This monitoring included the review of updated voter registration data produced by Defendants' counsel after the Court's ruling on the Plaintiffs' motion for a preliminary injunction.

12.  As a result of the Court's Order on Plaintiffs' emergency motion for a preliminary injunction, it is estimated that more than 10,000 Georgians, who would have otherwise been precluded from registering to vote for this election, submitted voter registration applications in advance of the Sixth Congressional District special runoff election between March 21 and May 21, 2017.

5

13.  Subsequently, while Plaintiffs' counsel were in the process of preparing the Joint Preliminary Statement and Initial Disclosures, counsel for the parties engaged in settlement negotiations in an effort to resolve the remaining issues on the merits of the litigation. These negotiations ultimately resulted in the parties' agreement to resolve the balance of the merits of the Plaintiffs' NVRA claim by way of the Consent Decree (ECF Doc. 42), which has now been entered as an order of this Court. The Consent Decree enjoins enforcement of a registration deadline under Georgia law which is greater than the lesser of thirty days, or as otherwise provided by state law, in advance of an election for federal offices. (ECF Doc. 42, pgs. 2-3).

14.  Plaintiffs have now achieved the objective they sought in commencing this litigation, *i.e.*, to bring Georgia into compliance with Section 8 of the NVRA, and are now entitled to an award of their reasonable attorneys' fees and costs as the prevailing party in this action on their NVRA claim.

15.  Pursuant to Local Rule 54.2, Plaintiffs' counsel have made a preliminary, reasonable estimate of the amount of the attorneys' fees that have been incurred as a result of the services they have provided in this matter and the expenses they have advanced in connection with the investigation and prosecution

of this matter to date. Plaintiffs' reasonable estimates of their attorneys' fees and expenses as of the date of this Special Motion are as follows:

A. Reasonable Estimate of Attorneys' Fees: $167,834.

B. Reasonable Estimate of Expenses: $4,991.44.

16. Pursuant to Local Rule 54.2, Plaintiffs will be filing and serving the detailed specification and itemization of the requested award of attorneys' fees and expenses, with appropriate affidavits and other supporting documentation as required by Local Rule 54.2 and the terms of the Consent Decree (See, ECF 49, pgs. 3-4) within sixty days of the filing of this Special Motion. Plaintiffs anticipate that they will also incur additional attorneys' fees, and additional expenses preparing phase-two of the Special Motion and for the appearance at a hearing on the merits of the Special Motion by the Court. Plaintiffs reserve the right to amend their attorneys' fee and expense claim should these additional fees and costs in fact be incurred.

17. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of November 2017.

Julie M. Houk
Attorney for Plaintiffs

7