# EXHIBIT A
# DECLARATION OF IRA M. FEINBERG

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **GEORGIA STATE CONFERENCE OF** | * | |
| **THE NAACP, et al.,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **CA No. 1:17cv01427-TCB** |
| **v.** | * | |
| | * | |
| **STATE OF GEORGIA and** | * | |
| **BRIAN KEMP, in his official capacity** | * | |
| **as Secretary of State for the State of** | * | |
| **Georgia,** | * | |
| | * | |
| **Defendants.** | * | |

**DECLARATION OF IRA M. FEINBERG**

IRA M. FEINBERG declares under penalty of perjury:

1.      My name is Ira M. Feinberg.  I am over the age of 21 and fully competent to testify in this matter.  I have knowledge of the facts recited in this Declaration, which are based on my personal knowledge and on my review of the records of my law firm, Hogan Lovells US LLP ("Hogan Lovells" or the "firm").  I make this Declaration in support of Plaintiffs' motion for the award of attorneys' fees and expenses in this case.

2.      I am a partner at Hogan Lovells.  I am co-lead counsel for Plaintiffs in this lawsuit, along with The Lawyers' Committee for Civil Rights Under Law (the

1

"Lawyers' Committee").   I have served as co-lead counsel in this case since approximately April 13, 2017, one week before this lawsuit was filed.  Since that time, I have been responsible for, among other things, helping to formulate and direct Plaintiffs' case strategy, research and analyze the legal issues, and write and/or edit the complaint, amended complaint, motion for preliminary injunction and memoranda of law that we filed on behalf of Plaintiffs.  I also presented oral argument to the Court on Plaintiffs' motion for a preliminary injunction, along with co-counsel Julie Houk of the Lawyers' Committee.  I also supervised the legal work of two associates in my firm, Paul Wiley and Emily Goldman; our law clerk, Andrew Harris; and our support staff.

3.      I graduated from Harvard Law School in 1972, *magna cum laude*. While in law school, I was an editor of the Harvard Law Review, and was the editor responsible for its annual review of the Supreme Court's work.  After law school, I clerked for Chief Judge Henry J. Friendly of the United States Court of Appeals for the Second Circuit for one year, and then for Justice Thurgood Marshall of the United States Supreme Court for one year.

4.      I have been practicing law for more than forty years.  My first job after my clerkships was at the law firm O'Melveny & Myers in Los Angeles, where I ultimately became a partner.  I thereafter decided to move back to New

2

York, and in 1989, took a position as an Assistant United States Attorney in the Southern District of New York.  I was an AUSA in the Criminal Division of the United States Attorney's Office from 1989 to 2000.  In 1995, I was appointed Deputy Chief Appellate Attorney, and in 1998, I was promoted to Chief Appellate Attorney.  I served as Chief Appellate Attorney from 1998 to 2000.  In that capacity, I supervised all of the work that the Criminal Division of the U.S. Attorney's Office did in the Second Circuit, was an advisor to the United States Attorney on legal issues, and worked closely with the U.S. Solicitor General's Office.  I joined my present firm (then called Hogan & Hartson LLP) in 2000 as a partner, and I have been a partner ever since.

5.      I was admitted to the New York bar in 1974 and the California bar in 1975.  I have been a member of both bars in good standing ever since.  I am also a member of the bars of the United States Supreme Court, the U.S. Courts of Appeals for the First, Second, Third, Fifth, Ninth, Eleventh, and District of Columbia Circuits, and the bars of the U.S. District Courts for the Eastern, Southern, and Western Districts of New York, and the Central and Northern Districts of California.

6.      Throughout my legal career, I have specialized in analyzing and briefing complex legal issues, especially federal statutory and constitutional issues.

3

I am a member of my firm's appellate group, which is headed by the former Acting Solicitor General of the United States, Neal Katyal.  I have argued more than forty appeals in appellate courts around the country, principally in the federal courts, and I have been responsible for writing or editing the briefs in well over 100 appeals in the federal Courts of Appeals.

7.      I also have substantial experience in analyzing and briefing voting rights issues.  For example, within the past year, I have submitted an amicus brief in the Third Circuit in a an appeal involving whether the National Voter Registration Act ("NVRA") required the City of Philadelphia to strike incarcerated felons from its voting rolls (American Civil Rights Union v. Philadelphia City Commissioners, 872 F.3d 175 (3d Cir. 2017)) and another amicus brief in the United States Supreme Court in Gill v. Whitford, No. 16-1161 (argued October 3, 2017) , involving the constitutionality of partisan gerrymandering of the Wisconsin state legislature.

8.      As noted earlier, I have been assisted in this case by two associates, Paul Wiley and Emily Goldman.

9.      Paul Wiley received his J.D. degree, *magna cum laude*, from the Washington & Lee University School of Law in 2015.  He was admitted to the Virginia bar in 2015, and is also a member of the District of Columbia bar.  After

4

graduation from law school, he clerked for one year for the Hon. Donald W.
Lemons, Chief Justice of the Supreme Court of Virginia.  He is admitted to
practice in the Commonwealth of Virginia and the District of Columbia.  He joined
Hogan Lovells in September 2016, and is now a third-year associate in the firm's
litigation practice group.  Mr. Wiley has a substantial background in voting rights
litigation, including an article he published while in law school (*Shelby and Section
3; Pulling the Voting Rights Act's Pocket Trigger to Protect Voting Rights After
Shelby County v. Holder*, 71 Wash. & Lee L. Rev. 2115 (2014)) , and a chapter he
wrote in a book published by the American Bar Association in 2016 (*America
Votes! Challenges to Modern Election Law and Voting Rights* (ABA 3d ed. 2016)).

10.     Emily Goldman received her J.D. degree *cum laude* from the
University of Michigan Law School in 2013.  She was admitted to the New York
bar in 2014, and is also a member of the District of Columbia bar.  After
graduation from law school, she clerked for two years for the Hon. José Antonio
Fusté of the United States District Court for the District of Puerto Rico.   She
joined Hogan Lovells in October 2015, and is currently a senior associate in the
firm's litigation department.  Ms. Goldman's background in voting rights litigation
includes a summer internship while in law school with the Voting Rights Section
of the U.S. Department of Justice, Civil Rights Division.

\\NY - 090334/003639 - 8501931 v1

11.     I am familiar with the legal work that my firm performed in this case on behalf of Plaintiffs.  I believe that the work that we performed in this case was reasonable and appropriate.

12.     Much of the work that Hogan Lovells did in this case was performed in the short time period between our initial retention in the case on or about April 13, 2017 through the oral argument on Plaintiffs' motion for a preliminary injunction on May 4, 2017.  This work was done under substantial time pressure because of the urgency of filing the complaint as soon as it became clear that a runoff election would be required, and because of the compressed time schedule that the Court understandably ordered so as to permit full briefing and a hearing on Plaintiff's motion as soon as feasible.  During that time period, our work including reviewing and editing the draft complaint prepared by the Lawyers' Committee; reviewing and editing the motion for preliminary injunction and supporting declarations prepared by the Lawyers Committee; performing legal research on legal issues relating to the complaint and motion for preliminary injunction; discussions with co-counsel about the advisability of and procedure for amending the complaint to add an additional plaintiff, Jill Myers; reviewing and editing the amended complaint and declaration of Ms. Myers; taking the lead in preparing Plaintiffs' reply brief in support of the motion for preliminary injunction; preparing

for oral argument; and presenting oral argument in support of Plaintiffs' motion for preliminary injunction.

13.     The assistance of two associates on this case was necessary for many reasons.  As indicated above, much of the work that my firm did on this case was performed under a very compressed time schedule.  Initially, Mr. Wiley was the associate assisting me on this case, and he provided legal analysis and research on procedural and merits issues with respect to the initial pleadings filed by Plaintiffs, including the motion for preliminary injunction.  However, when my firm assumed responsibility for preparing Plaintiffs' reply brief on the motion for preliminary injunction, I realized that I would need additional associate assistance.   Under the expedited schedule ordered by the Court, we had only four days (including a weekend) to prepare the reply brief.  I therefore found it necessary to split the required research and writing between two associates, so that we could get the work done in time to meet the Court's schedule.  Ms. Goldman volunteered to assist at that time.  Mr. Wiley researched and drafted the portion of Plaintiffs' reply brief that responded to the Georgia Secretary of State's claim that the State's voter registration provisions were a substantive voter qualification (rather than a registration requirement) that the State was constitutionally entitled to adopt and was outside the purview of the NVRA.  Ms. Goldman researched and drafted the

7

portion of Plaintiffs' reply brief that addressed the Secretary of State's arguments regarding the extent of the burden that would be imposed on state officials if Plaintiffs' requested preliminary injunction were granted.  I was responsible for reviewing and editing these pieces, making sure they were analytically sound, and turning them into a persuasive reply brief.

14.     After the Court granted Plaintiffs' motion for a preliminary injunction, my firm's work on this case continued at a lower level of activity.  Among other things, we participated in monitoring Defendants' compliance with the Court's order, and began preparations for discovery and the initial Rule 26 conference. Once discussions regarding settlement began over the summer, however, our work turned to issues regarding the details of the settlement agreement and issues regarding Plaintiffs' claim for the award of attorneys' fees.  In that connection, Mr. Wiley did legal research concerning one of the issues involved in the settlement (the effect of a registration deadline falling on a weekend or holiday), and Ms. Goldman and I researched and wrote a memorandum analyzing issues relating to Plaintiffs' attorneys' fee claims.  I also began to review and edit my firm's billing records, for the purpose of formulating Plaintiffs' fee demand.

15.     In October 2017, Defendants filed an offer of judgment with respect to the amount of Plaintiffs' attorneys' fees under Rule 68 of the Federal Rules of

8

Civil Procedure.  In order to determine the applicability of Rule 68 to attorneys'
fees issues and to assist Plaintiffs in determining how to respond to the
Defendants' offer, I asked Andrew Harris, one of the recent law school graduates
who joined our firm in the fall, to research these issues.  Mr. Harris conducted that
legal research, and prepared a memorandum on the Rule 68 issues, which I then
edited and circulated to co-counsel.

16.     Mr. Harris is a 2017 graduate of New York University Law School.
While in law school, he was an Articles Editor for the Annual Survey of American
Law.  He was a summer associate with our firm in the summer of 2016, and
rejoined the firm on a permanent basis in September 2017.  He has passed the New
York bar examination, and is awaiting formal admission to the New York bar.
Because he is not yet admitted to practice, he is considered a "law clerk" assisting
other lawyers in the firm's Litigation Department.

17.     Hogan Lovells took on the representation of Plaintiffs in this case on a
*pro bono* basis, with the understanding that, as is customary in cases of this kind, it
would retain the right to petition the Court for recovery of its fees and costs in the
event that Plaintiffs prevailed on their claims.

18.     In accordance with Hogan Lovells' normal business practice, the
Hogan Lovells attorneys, law clerks, paralegals and other timekeepers who worked

9

on this case tracked the time that they worked on this matter on a daily basis.  In accordance with the firm's customary practice, the attorneys and other timekeepers working on this matter entered their time on a daily basis, with a detailed description of the work performed that day, into the firm's electronic time record-keeping system.

19.     Attached as Exhibit 1 is a chart which details the time spent by Hogan Lovells lawyers and law clerks working on this case through December 31, 2017 for which the firm is seeking an award from the Court.  This chart is an excerpt from the electronic timekeeping and billing system used by Hogan Lovells in the regular and ordinary course of business.  It is the regular practice of Hogan Lovells to prepare and keep such time records; these records were made and kept by individuals with personal knowledge of the accuracy of the entries; and the entries were made on or about the date reflected on the chart.

20.     This chart does not contain anywhere near all the time charged by all Hogan Lovells personnel who worked on this matter.  I have gone through the firm's time entries with great care, and deleted many entries that I thought, in the exercise of reasonable billing judgment, were not appropriate to seek reimbursement.  Some of those entries may have been excessive, duplicative, reflected inefficiency, or were otherwise, in my judgment, inappropriate to bill.  I

10

have also sought to eliminate any duplication that might have otherwise resulted from the fact that we had co-counsel in this case.

21.     In addition, Exhibit 1 does not list and Hogan Lovells is not seeking to recover at all for the time of two other senior partners at Hogan Lovells, Jonathan Abram and T. Clark Weymouth, who spent time advising me and other co-counsel on specific aspects of the handling of this case, or for the time of our paralegal, Wilsonia Boyer, who assisted me in assembling copies of the relevant case law.

22.     The time records and work descriptions contained on Exhibit 1 are, to the best of my personal knowledge, a true and accurate reflection of the services performed by the Hogan Lovells attorneys and law clerks who worked on this case, the dates on which they rendered those services, and the time that they devoted to those services on those dates.  I believe that all of the time and services reflected on Exhibit 1 were reasonably necessary to provide Plaintiffs with effective representation in this case.

23.     The following table provides a listing of each of the attorneys and law clerks for whom we are seeking an award in this case, the total number of hours that he or she devoted to this case for which we are seeking an award, the hourly rate that we are seeking for their time, and the total amount of award that we are seeking for their work:

11

**Fee Request**

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Feinberg | 77.00 | $650 | $50,050 |
| Wiley | 37.10 | $400 | $14,840 |
| Goldman | 23.80 | $400 | $9,520 |
| Harris | 16.00 | $300 | $4,800 |
| | | | **$79,210** |

24.     As reflected in this chart, the hourly rates that we are seeking by this application are $650 per hour for Ira Feinberg, $400 per hour for Paul Wiley and Emily Goldman, and $300 per hour for Andrew Harris.

25.     I am informed and believe that these rates are consistent with reasonable hourly rates for lawyers at major firms in the Atlanta area with the skills and experience comparable to the Hogan Lovells lawyers involved in this case.  *See, e.g*., http://data.dailyreportonline.com/GoingRate.asp (partner billing rates during the years 2012-2014 ranged from $300-$950/hour, and associates' rates ranged from $285-$470); *In re Application of: Anna Aleksandrovna Sergeeva*, Civil Action No. 1:13-CV-3437-LMM, Doc. 109-1 (N.D. Ga. October 20, 2015) (partner with Atlanta's Bondurant Mixson & Elmore, LLP averred in an affidavit that the firm's 2015 hourly rates for partners ranged from $610 (13 years' experience) to $885 (40+ years' experience), and its hourly rates for associates

12

ranged from $295 (1 year associate) to $395 (4 year associate); *Purchasing Power, LLC, v. Bluestem Brands, Inc*., 2016 WL 1389607, *2 (N.D. Ga. April 6, 2016), *reversed on other grounds,* 851 F.3d 1218 (11th Cir. 2017) (finding hourly rates in 2016 of $650 for partners, $350 for associates and $225 for paraprofessionals to be "consistent with those charged by competent and experienced counsel for litigation of this type in the Atlanta metropolitan area"); *W.A. Griffin, M.D., v. General Mills, Inc.,* 157 F. Supp. 3d 1350, 1355-56 (N.D. Ga. 2016) (finding hourly rates in 2016 of $650 for a partner with 35 years' experience, $455 for an associate, and $170 for a paralegal to be reasonable).

26.    The rates sought by the Hogan Lovells lawyers are far below the standard rates that the firm ordinarily charges clients for the work of these lawyers and law clerks.  The firm's standard hourly rate for 2017 for Ira Feinberg was $1065 per hour; for Emily Goldman was $600 per hour; for Paul Wiley was $490 per hour; and for Andrew Harris was $495 per hour.

27.    The hours reflected on this chart are also far below the total number of hours shown on the firm's billing records.  Thus, the firm's records show that Ira Feinberg devoted 95.5 hours to this case during the specified period, instead of the 77 hours for which we are seeking an award; Paul Wiley devoted 46.4 hours to this case, instead of the 37.1 hours for which we are seeking an award; and Emily

13

Goldman spent 39 hours on this case, instead of the 23.8 hours for which we are seeking an award.

28.     Similarly, the total amount of the award that we are seeking is far below the time charges shown on the firm's records.  Using all hours devoted to this case, at the firm's standard rates, the firm's records reflect a total value of $165,785.50 in billable time devoted to this case through December 31, 2017, instead of the $79,210 for which we are seeking an award.

29.     It might be helpful to the Court to understand the amount of work performed by Hogan Lovells on the various phases of this case.  Accordingly, set out below are the number of hours spent and amount of fees sought for Hogan Lovells work on each phase of the case:

|  | Phase of Case | Number of Hours | Amount |
|---|---|---|---|
| Phase 1 | Case Initiation (including preparation of complaint, motion for preliminary injunction, supporting declarations and memorandum of law) | 22.50 | $12,050 |
| Phase 2 | Reply Brief (in support of motion for preliminary injunction) | 55.40 | $27,310 |
| Phase 3 | Oral Argument | 21.70 | $13,855 |
| Phase 4 | Post-injunction Handling of Litigation | 5.10 | $3,140 |

14

| Phase 5 | Settlement Discussions (including negotiation of consent decree and consideration of Rule 68 offer of judgment) | 35.00 | $15,400 |
|---------|------------------------------------------------------------------------------------------------------------------|-------|---------|
| Phase 6 | Preparation of Attorneys' Fee Motion (including legal research on attorneys' fee issues) | 14.20 | $7,455 |

30.     Attached as Exhibit 2 is a chart itemizing each of the out-of-pocket expenses incurred and paid by Hogan Lovells in connection with this litigation for which the firm is seeking an award in this case.  This chart is a summary based upon the electronic records maintained by Hogan Lovells in the ordinary course of business.  Also included in Exhibit 2 are the receipts and other back up information with respect to the expenses for which the firm is seeking reimbursement.

31.     The total amount of expenses the firm is seeking is $2,101.29.  There are two principal components of this expense total:  $1,035.70  in fees, which includes the fees for filing the complaint in this action, the fees paid for service of process, and the fees for filing applications for admission pro hac vice for Ira Feinberg, Paul Wiley and Emily Goldman; and $1,065.59 in travel expenses, which represent the expenses for Ira Feinberg to fly to Atlanta to participate in oral argument of the motion for preliminary injunction (including hotel, airline tickets, meals, and ground transportation).

15

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 15, 2018, at New York, New York.

_/s/ Ira M. Feinberg_____
Ira M. Feinberg

\\NY - 090334/003639 - 8501931 v1

# EXHIBIT 1

**LCCRUL - NVRA GEORGIA LITIGATION**

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 4/14/2017 | I. Feinberg | 1.20 | 780.00 | Review and revise draft complaint; telephone conference with Lawyers Committee |
| 4/16/2017 | I. Feinberg | 3.60 | 2,340.00 | Review and edit draft of memorandum of law and declarations in support of TRO and preliminary injunction |
| 4/18/2017 | P. Wiley | 0.50 | 200.00 | Research potential plaintiff's ability to join suit without filing NVRA notice |
| 4/19/2017 | I. Feinberg | 3.60 | 2,340.00 | Review and revise complaint, memorandum of law, declarations in support of TRO |
| 4/19/2017 | P. Wiley | 0.70 | 280.00 | Review pleadings in preparation for filing |
| 4/21/2017 | I. Feinberg | 1.00 | 650.00 | Telephone conference with E. Rosenberg regarding handling of hearing; review and discuss e-mail from Jill Myers, adding additional plaintiffs |
| 4/21/2017 | P. Wiley | 3.80 | 1,520.00 | Research state statutes regarding change of residence within the state, but across county lines |
| 4/22/2017 | I. Feinberg | 0.30 | 195.00 | E-mail correspondence regarding additional plaintiffs, including Jill Myers |
| 4/23/2017 | I. Feinberg | 1.00 | 650.00 | Review and edit draft declaration for Jill Myers; review and edit certification of interested paries; review e-mails regarding amending complaint, adding parties, conduct of P.I. hearing |
| 4/24/2017 | I. Feinberg | 1.50 | 975.00 | Review and edit amended complaint; revise Myers Declaration; review and respond to e-mails regarding potential new plaintiffs |
| 4/24/2017 | P. Wiley | 4.00 | 1,600.00 | Research pre-emption cases and interpretations of Georgia constitution |
| 4/25/2017 | P. Wiley | 1.30 | 520.00 | Draft motion to supplement the record with declaration of Jill Myers |
| 4/26/2017 | I. Feinberg | 1.30 | 845.00 | Prepare email regarding research projects for reply brief, review relevant case law |
| 4/27/2017 | I. Feinberg | 0.40 | 260.00 | Email correspondence regarding legal research help; telephone conference with E. Goldman regarding legal research |
| 4/27/2017 | E. Goldman | 1.50 | 600.00 | Research law surrounding what constitutes a substantial burden on the state in similar election law cases |
| 4/28/2017 | I. Feinberg | 2.00 | 1,300.00 | Review State's opposition papers; telephone conference with E. Rosenberg, et al. to discuss reply brief; telephone conference with P. Wiley, E. Goldman to discuss draft of reply brief; email correspondence; review Georgia instruction materials for poll workers |
| 4/28/2017 | E. Goldman | 3.60 | 1,440.00 | Participate in team-wide telephone conference; conduct legal research on the issue of harm to the state/ balance of equities |
| 4/28/2017 | P. Wiley | 6.10 | 2,440.00 | Review defendants' brief in opposition to preliminary injunction; telephone conference with I. Feinberg, E. Goldman, and clients; draft reply to brief in opposition |
| 4/29/2017 | I. Feinberg | 2.90 | 1,885.00 | Review Georgia opposition papers; review case law; begin to prepare reply brief |
| 4/29/2017 | E. Goldman | 0.10 | 40.00 | Send cases to I. Feinberg regarding administrative burden |
| 4/30/2017 | I. Feinberg | 2.70 | 1,755.00 | Begin drafting reply brief; draft introduction; review case law; review draft Butler Declaration |
| 4/30/2017 | E. Goldman | 3.40 | 1,360.00 | Draft section of reply brief regarding administrative burden on the state |
| 5/1/2017 | I. Feinberg | 7.80 | 5,070.00 | Prepare and circulate draft reply brief; review case law; review E. Goldman draft; telephone conference with E. Goldman regarding revised draft; review comments on draft and prepare revised draft; email correspondence |
| 5/1/2017 | E. Goldman | 6.60 | 2,640.00 | Draft section of the reply brief regarding administrative burden on the state; speak with I. Feinberg regarding briefing strategy; conduct additional legal research |
| 5/1/2017 | P. Wiley | 6.40 | 2,560.00 | Revise draft reply to defendants' brief in opposition; research cases for I. Feinberg |
| 5/2/2017 | I. Feinberg | 3.50 | 2,275.00 | Review comments on draft reply brief, and prepare revised draft; email correspondence regarding preparation for hearing on May 4 |
| 5/2/2017 | P. Wiley | 7.10 | 2,840.00 | Finalize reply brief, including follow-up research, cite-checking, and Bluebooking |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 5/3/2017 | I. Feinberg | 10.20 | 6,630.00 | Prepare for oral argument of preliminary injunction motion; review motion papers; prepare outline of oral argument; conference with J. Houk, B. Sells regarding oral argument; travel to Atlanta |
| 5/4/2017 | I. Feinberg | 10.50 | 6,825.00 | Prepare for oral argument; conference with H. Butler, J. Myers to prepare for hearing; attend and provide oral argument at hearing on preliminary injunction motion; telephone conference with P. Wiley, E. Goldman regarding hearing and Court decision; review Court decision; e-mail correspondence regarding Court decision; return travel to New York |
| 5/4/2017 | P. Wiley | 1.00 | 400.00 | Review court order granting preliminary injunction; telephone conference with I. Feinberg and E. Goldman to discuss hearing |
| 5/5/2017 | I. Feinberg | 0.50 | 325.00 | E-mail correspondence regarding next steps to follow up on injunction, State request for extension of time; e-mail correspondence |
| 5/8/2017 | I. Feinberg | 1.00 | 650.00 | Review and respond to J. Houk e-mail regarding monitoring compliance and extension of time; telephone conference with Georgia AG's office regarding monitoring, permanent injunction, extension of time; e-mail correspondence |
| 5/8/2017 | P. Wiley | 0.40 | 160.00 | Telephone conference with I. Feinberg, clients, and opposing counsel |
| 5/11/2017 | I. Feinberg | 0.30 | 195.00 | Participate in conference call with Georgia AG's office regarding monitoring compliance |
| 5/11/2017 | P. Wiley | 0.30 | 120.00 | Coordinate telephone conference with opposing counsel to discuss discovery and efforts to monitor compliance with court's injunction |
| 5/12/2017 | I. Feinberg | 0.20 | 130.00 | E-mail correspondence regarding GA compliance with preliminary injunction |
| 5/26/2017 | I. Feinberg | 0.30 | 195.00 | Review status reports on GA SOS compliance; e-mail correspondence |
| 6/19/2017 | I. Feinberg | 0.20 | 130.00 | Review defendants' answer to complaint; prepare e-mail to J. Houk regarding next steps |
| 6/21/2017 | I. Feinberg | 0.10 | 65.00 | E-mail correspondence regarding Rule 26 conference |
| 6/27/2017 | I. Feinberg | 0.70 | 455.00 | Review and revise draft report to Court on initial conference |
| 6/28/2017 | I. Feinberg | 0.70 | 455.00 | Participate in Rule 26 conference with C. Correira, et al.; e-mail correspondence |
| 6/29/2017 | I. Feinberg | 0.40 | 260.00 | E-mail correspondence; review draft of motion for extension of time limits; telephone conference with E. Goldman regarding legal research on attorneys' fees |
| 6/29/2017 | E. Goldman | 0.30 | 120.00 | Speak on the phone with I. Feinberg about research assignment regarding attorneys' fees |
| 7/12/2017 | E. Goldman | 2.00 | 800.00 | Research case law regarding attorneys' fees in civil rights cases after a preliminary injunction |
| 7/13/2017 | I. Feinberg | 0.30 | 195.00 | Review E. Goldman research on attorneys' fee issue; telephone conference with E. Goldman |
| 7/13/2017 | E. Goldman | 0.80 | 320.00 | Research the impact of settlement on the award of attorneys' fees in civil rights cases; speak with I. Feinberg on the phone about drafting a research memorandum regarding attorneys' fees |
| 7/17/2017 | E. Goldman | 2.70 | 1,080.00 | Conduct research regarding recovery of attorneys' fees |
| 7/18/2017 | I. Feinberg | 0.90 | 585.00 | Review E. Goldman memorandum on attorneys' fees, and key case law |
| 7/18/2017 | E. Goldman | 1.00 | 400.00 | Conduct legal research regarding recovery of attorneys' fees |
| 7/19/2017 | I. Feinberg | 0.40 | 260.00 | Review E. Goldman revised memorandum on attorneys' fees; review case law |
| 7/20/2017 | I. Feinberg | 3.50 | 2,275.00 | Review Supreme Court and Eleventh Circuit case law; revise memorandum of law on attorneys' fees issues |
| 8/7/2017 | I. Feinberg | 0.30 | 195.00 | Telephone conference with C. Corriea regarding status of case; review proposed settlement agreement; email correspondence |
| 8/7/2017 | E. Goldman | 0.30 | 120.00 | Email regarding internal call to discuss consent order; review proposed consent order |

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 8/10/2017 | I. Feinberg | 1.30 | 845.00 | Telephone conference with team regarding proposed consent decree; telephone conference with P. Wiley regarding legal research; telephone conference with C. Corriea regarding proposed settlement; review P. Wiley legal research; e-mail correspondence |
| 8/10/2017 | E. Goldman | 1.50 | 600.00 | Conference call regarding the consent decree; email discussion of edits to the consent decree; conference call with opposing party regarding the consent decree; memorialize notes from the call; email correspondence regarding the settlement proposal |
| 8/10/2017 | P. Wiley | 2.70 | 1,080.00 | Research effect of registration deadline falling on weekends and holidays; revise proposed consent decree; telephone conference with clients; telephone conference with opposing counsel |
| 8/13/2017 | I. Feinberg | 0.30 | 195.00 | Review e-mails regarding proposed settlement terms, and provide opinion on legal issues |
| 8/14/2017 | I. Feinberg | 0.20 | 130.00 | E-mail correspondence regarding proposed consent decree |
| 8/15/2017 | I. Feinberg | 0.10 | 65.00 | Review stipulation to extend time; e-mail correspondence regarding potential settlement |
| 8/24/2017 | I. Feinberg | 0.10 | 65.00 | E-mail correspondence regarding settlement discussions |
| 8/30/2017 | I. Feinberg | 0.50 | 325.00 | Review state's settlement proposal; telephone conference with J. Houk, et al., regarding settlement proposal; telephone conference with C. Corriea regarding settlement |
| 8/30/2017 | P. Wiley | 0.80 | 320.00 | Review proposed consent decree; telephone conferences to discuss consent decree with clients, and with opposing counsel |
| 9/8/2017 | I. Feinberg | 1.10 | 715.00 | Prepare fee demand; telephone conference with J. Houk, B. Sells to discuss fee demand |
| 9/9/2017 | I. Feinberg | 0.30 | 195.00 | Revise draft letter to C. Corriea regarding fee demand |
| 9/15/2017 | I. Feinberg | 0.30 | 195.00 | Telephone conference with J. Corriea, et al., regarding preparation of fee request, extension of deadline |
| 9/15/2017 | P. Wiley | 1.40 | 560.00 | Research decisions relating to adjudication of fee demands; telephone conference with I. Feinberg, E. Goldman, and clients |
| 9/27/2017 | I. Feinberg | 0.10 | 65.00 | E-mail correspondence regarding finalizing consent decree |
| 9/28/2017 | I. Feinberg | 0.20 | 130.00 | Review and comment on revised draft of consent decree |
| 9/28/2017 | I. Feinberg | 0.40 | 260.00 | Telephone conference with J. Houk, et al., regarding fee demand, editing for reasonableness |
| 10/6/2017 | I. Feinberg | 0.20 | 130.00 | Review and comment on proposed revisions to consent decree |
| 10/16/2017 | I. Feinberg | 0.50 | 325.00 | Review proposed offer of judgment; conference with A. Harris to discuss legal research; e-mail correspondence |
| 10/16/2017 | A. Harris | 4.50 | 1,350.00 | Research and write memorandum on timing of Rule 68 offers for judgment and characterization of attorneys' fees under the Rule |
| 10/17/2017 | I. Feinberg | 1.30 | 845.00 | Review legal research by A. Harris; review relevant case law; conference with A. Harris regarding preparation of memorandum |
| 10/17/2017 | A. Harris | 4.00 | 1,200.00 | Research Rule 68 motions in the context of §1983 and the NVRA |
| 10/17/2017 | A. Harris | 1.30 | 390.00 | Expand preliminary emails into a more thorough analysis of Rule 68 |
| 10/18/2017 | I. Feinberg | 0.30 | 195.00 | Review A. Harris research, and forward to rest of team with IMF comments |
| 10/18/2017 | A. Harris | 1.50 | 450.00 | Finish draft of email memorandum on Rule 68 and the NVRA |
| 10/19/2017 | I. Feinberg | 1.00 | 650.00 | Review legal research regarding timing issue for response to Rule 68 offer of judgment on attorneys' fees; e-mail correspondence |
| 10/19/2017 | A. Harris | 1.70 | 510.00 | Research and draft emails regarding Rule 68 service and timing requirements |
| 10/22/2017 | I. Feinberg | 0.50 | 325.00 | Participate in telephone conference call with B. Sells, J. Houk and J. Abram regarding response to GA offer of judgment on attorneys' fees |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 10/23/2017 | I. Feinberg | 2.00 | 1,300.00 | Telephone conference with A. Harris regarding further research; review Harris research; prepare revised memorandum on Rule 68 attorneys' fees issue; e-mail correspondence regarding response to Rule 68 offer |
| 10/23/2017 | A. Harris | 3.00 | 900.00 | Research regarding Rule 68 attorneys' fees provision |
| 10/30/2017 | I. Feinberg | 0.20 | 130.00 | Telephone conference with J. Houk, B. Sells regarding next steps to pursue attorneys' fees application |
| 11/12/2017 | I. Feinberg | 0.30 | 195.00 | Review draft initial motion to recover attorneys' fees |
| 11/13/2017 | I. Feinberg | 1.50 | 975.00 | Review and edit motion for attorneys' fees; telephone conference with J. Houk regarding motion; prepare revised fee demand |
| 11/13/2017 | P. Wiley | 0.30 | 120.00 | Discussion with Lawyers' Committee regarding petition for attorneys' fees |
| 11/14/2017 | I. Feinberg | 0.20 | 130.00 | Telephone conference with J. Houk, B. Sells to finalize initial motion for attorneys' fees |
| 11/14/2017 | P. Wiley | 0.30 | 120.00 | Telephone conference with Lawyers' Committee to discuss attorney fee negotiations with state |
| 11/15/2017 | I. Feinberg | 0.20 | 130.00 | E-mail correspondence with B. Sells, J. Houk and E. Rosenberg regarding State's increased offer to settle attorneys' fee demand |
| 11/16/2017 | I. Feinberg | 0.10 | 65.00 | E-mail correspondence regarding response to State's attorneys' fee offer |
| 11/24/2017 | I. Feinberg | 0.20 | 130.00 | Review J. Houk e-mail regarding fee application |
| 11/27/2017 | I. Feinberg | 0.10 | 65.00 | Review and circulate State's revised offer of judgment |
| 12/9/2017 | I. Feinberg | 0.10 | 65.00 | E-mail correspondence with J. Houk regarding response to offer of judgment |
| 12/11/2017 | I. Feinberg | 0.10 | 65.00 | E-mail correspondence regarding response to new GA offer of judgment |
| | **Total for Professional Services** | 153.90 | $   79,210.00 | |

**EXHIBIT 2**

| Date | Expenses Incurred | |
|---|---|---|
| 5/3/2017 | Taxi - Local  - Attend hearing to argue motion for preliminary injunction - Ira Feinberg | 22.00 |
| 5/3/2017 | Taxi - Out of Town  - Attend hearing to argue motion for preliminary injunction - Ira Feinberg | 40.00 |
| 5/4/2017 | Meals - Lunch - Out of Town - Attend hearing to argue motion for preliminary injunction - Ira Feinberg | 8.00 |
| 5/4/2017 | Taxi - Local  - Attend hearing to argue motion for preliminary injunction - Ira Feinberg | 45.00 |
| 05/03/2017 - 05/04/2017 | Hotel - Lodging  - Attend hearing to argue motion for preliminary injunction - Ira Feinberg | 185.03 |
| 5/9/2017 | THE LAW OFFICE OF BRYAN L. SELLS, LLC - Reimbursement for Georgia fees | 1,035.70 |
| 5/3/2017 | Car service to airport  - I. Feinberg | 74.99 |
| 5/3/2017 | Travel; New York Atlanta; FEINBERG,IRA M | 206.04 |
| 5/4/2017 | Travel; Atlanta New York; FEINBERG,IRA M | 390.53 |
| 5/3/2017 | Travel; New York Atlanta; FEINBERG,IRA M | 47.00 |
| 5/4/2017 | Travel; Atlanta New York; FEINBERG,IRA M | 47.00 |
| | **Total** | **$2,101.29** |

DATE: 10/05/17 10:32:59 PRO FORMA STATEMENT AS OF 093017 FOR FILE [REDACTED]          #()      Page 12 (12)

| Date | Code | Name | Hours | Amount | | Task | Description | Stat | Index |
|------|------|------|-------|--------|---|------|-------------|------|-------|
| 27-Sep-17 | 03103 | I. Feinberg | 0.10 | 106.50 | NB | 020 | E-mail correspondence regarding finalizing consent decree | N | 53062714 |
| 28-Sep-17 | 03103 | I. Feinberg | 0.20 | 213.00 | NB | 020 | Review and comment on revised draft of consent decree | N | 53081649 |
| 28-Sep-17 | 03103 | I. Feinberg | 0.40 | 426.00 | NB | 020 | Telephone conference with J. Houk. et al., regarding fee demand, editing for reasonableness | N | 53081650 |
| 28-Sep-17 | 08087 | E. Goldman | 0.10 | 60.00 | NB | 020 | Email correspondence regarding attorneys' fees and the consent order | N | 53102534 |
| 28-Sep-17 | 08442 | P. Wiley | 0.60 | 294.00 | NB | 001 | Telephone conference with clients to discuss amended fee petition | N | 53070767 |

```
                    FEE TOTAL         143,684.50
                                     -------------
```

\*-----COST ENTRIES-----\*

| DATE | CODE | DESCRIPTION | AMOUNT | STAT TKPER VOUCHER INDEX |
|------|------|-------------|--------|--------------------------|

| | | | | | |
|---|---|---|---|---|---|
| 05/03/17 | 397 | Taxi - Local<br>  - Attend hearing to argue motion for preliminary injunction - Ira Feinberg | 22.00 | NB | |
| 05/04/17 | 397 | Taxi - Local<br>  - Attend hearing to argue motion for preliminary injunction - Ira Feinberg | 45.00 | NB | |
| | 397 | Taxi - Local | 67.00 | | |
| 05/03/17 | 398 | Taxi - Out of Town<br>  - Attend hearing to argue motion for preliminary injunction - Ira Feinberg | 40.00 | NB | |
| | 398 | Taxi - Out of Town | 40.00 | | |



|            |      | - Ira Feinberg |          |    |
|------------|------|----------------|----------|----|
|            | 67   | Hotel - Lodging | 185.03  |    |
| 06/07/17   | 90   | Travel;<br>New York Atlanta;<br>May 03, 2017;<br>FEINBERG,IRA M;<br>38171 | 206.04 | NB |
| 06/07/17   | 90   | Travel;<br>Atlanta New York;<br>May 04, 2017;<br>FEINBERG,IRA M;<br>38172 | 390.53 | NB |
| 06/07/17   | 90   | Travel;<br>New York Atlanta;<br>May 03, 2017;<br>FEINBERG,IRA M;<br>38171 | 47.00 | NB |
| 06/07/17   | 90   | Travel;<br>Atlanta New York;<br>May 04, 2017;<br>FEINBERG,IRA M;<br>38172 | 47.00 | NB |
|            | 90   | Travel | 690.57 |    |
|            | LPACER | Computer Research - Pacer | 0.00 |    |

```
                                                        -----------
COST TOTAL                                                 2400.01
```

```
      TIME VALUE FOR THE MATTER AFTER THE CUTOFF DATE  . . . . . .    0.00
      COST VALUE FOR THE MATTER AFTER THE CUTOFF DATE  . . . . . .    0.00
```

```
*-------------------------TIME AND FEE SUMMARY-------------------------*
*---------TIMEKEEPER----------*   RATE   HOURS    %      FEES      %
T. CLARK WEYMOUTH                915.00   1.80   1.0    1647.00   1.2
JONATHAN L. ABRAM                790.00   1.30    .7    1027.00    .7
WILLSONIA BOYER                  350.00   6.50   3.6    2275.00   1.6
IRA M. FEINBERG                 1065.00  87.90  48.5   93613.50  65.2
EMILY GOLDMAN                    600.00  37.80  20.9   22680.00  15.8
```

DATE: 10/05/17 10:32:59 PRO FORMA STATEMENT AS OF 093017 FOR FILE ████████████   #()        Page 1) (13)



05/04/17 406    Meals - Lunch - Out of Town                    8.00    NB
                - Attend hearing to argue motion for
                preliminary injunction - Guest(s): Ira Feinberg
                - Ira Feinberg

05/09/17 44     Filing Fees - THE LAW OFFICE OF BRYAN L. SELLS    1185.70    NB
         44     LLC Reimbursement for Georgia State filing fees   1185.70
                Filing Fees

05/19/17 540    Car Service - ELITE LIMOUSINE PLUS INC - May     74.99    NB
                3, 2017 - I. Feinberg

05/04/17 87     Hotel - Lodging                                  185.03    NB
                - Attend hearing to argue motion for
                preliminary injunction - 05/03/2017 - 05/04/201

```
        CASH RECEIPT

HACK #       :    05201092
MEDALLION    :        1G48
05/03/17 10:28-10:55
TRIP #       :       21710
RATE #       :           1
STAND. CITY RATE
Miles R1     :        3.04
FARE R1      :      $18.00
STATE SRCHG:        $0.50
IMP.SRCHG.   :       $0.30
GRAND TOTAL:       $18.80
        t+ip = 22
Contact TLC DIAL 3-1-1
```

```
        CIBO CC MARKET
          TERMINAL C
        LAGUARDIA AIRPORT

1022) Josephus
---------------------------
CHK 1897 MAY03'17  4:32PM
---------------------------

   Bar Code 2104
 1 SN D Lem Tea20        3.59

   Food                  3.59
   AMOUNT PAID           3.59
   Cash                  5.00
   CHANGE DUE            1.41
```

## 5/4/17 Lunch $8.00 (no receipt)

### AMERICAN CAB CO.
1874 PIEDMONT ROAD • SUITE 400 D
ATLANTA, GEORGIA 30324
(404) 873-1410

DATE  05-03-17

PASSENGER
PICKED UP AT:  air port

DISMISSED AT:  ponce market

CAB #  1233

DRIVER'S
NAME  Tefera

FARE $:

TIP $:

*Thank You*   TOTAL:  40 00
                         Tip

```
        CASH RECEIPT

HACK #       :    05376028
MEDALLION    :        8N22
05/04/17 22:12-22:40
TRIP #       :        9832
RATE #       :           1
STAND. CITY RATE
Miles R1     :       10.06
FARE R1      :      $30.50
EXTRAS       :       $0.50
TOLLS        :
RFK Br.:$5.76
STATE SRCHG:        $0.50
IMP.SRCHG.   :       $0.30
GRAND TOTAL:       $37.56
        t+ip = 45
Contact TLC DIAL 3-1-1
```

Account Number: ▮
Company Name   HOGAN LOVELLS
Invoice Number   1701443

| ACCOUNT NAME-VIP MUU | | | | COMPANY NAME | | | | TIME | 55.00 |
|---|---|---|---|---|---|---|---|---|---|
| | | | | HOGAN LOVELLS | | | | SC | 4.00 |
| PASSENGER NAME | | | | RESERVATION NUM/VOUCHER NUM | | | | | |
| FEINBERG, IRA M | 2129183509 | | | 7050204259 | | | | | |
| DATE | CAR NO | JOB NO | DRIVER NO | ENTR TIME | EXA MINS | PSV TIME | PICK UP TIME | OPS | |
| 05/03/17 | 036 | 50 | 6375 | 3:10 PM | 15 | 3:30 PM | 3:31 PM | | |
| REQUIREMENTS | | | | | STOP | | | TOLLS | 6.50 |
| CLIENT MATTER: 090334003838 | | | | PICK-UP | | WAIT | | WT | |
| | | | | | | | | STOPS | |
| PICKUP POINT | | | | | | PICKUP | | SLS TX | 5.84 |
| 875 3 AVE | | | | | | 106 | | MISC | 1.65 |
| FROM 18 51 | | | | | | | | | |
| LGA | | | | | | 333 | | TOTAL | 74.99 |

PURSUANT TO ARTICLE OF NYS EXECUTIVE LAW, 1998, A 2.5% NYBCDIF SURCHARGE IS ADDED TO ALL RIDES

| Voucher/Ref# | Passenger | Fare | S.C. | Tips | Tolls | WT | Stops | Sls Tx | Misc. | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 0 50 | FEINBERG, IRA M | 55.00 | 4.00 | | 6.50 | | | 5.84 | 1.65 | 74.99 |

**FAIRFIELD**
INN & SUITES®
**Marriott.**



**Fairfield Inn & Suites**®

54 Peachtree St SW
Atlanta, GA 30303
678.702.8600

Ira Feinberg

225 W 83rd St Apt 23c

New York NY 10024-4965

Business

Room: 1202

Room Type: GENR

Number of Guests: 1

Rate: $154.00          Clerk: TSV

| Arrive: 03May17 | Time: 10:28PM | Depart: 04May17 | Time: 10:32AM | Folio Number: ▮ |
|---|---|---|---|---|
| Date | Description | | Charges | Credits |

| Date | Description | Charges | Credits |
|---|---|---|---|
| 03May17 | Room Charge | 154.00 | |
| 03May17 | Atlanta Occ Tax | 12.32 | |
| 03May17 | Ga State Sales Tax | 6.16 | |
| 03May17 | Atlanta Sales Tax | 2.93 | |
| 03May17 | Fulton Co Sales Tax | 4.62 | |
| 03May17 | Ga $5 Hotel/Motel Fee | 5.00 | |
| 04May17 | American Express | | 185.03 |
| | Card #: ▮ | | |
| | Amount: 185.03  Auth: 508112  Signature on File | | |
| | This card was electronically swiped on 03May17 | | |

**Balance:**          0.00

**Rewards Account** ▮ Your Rewards points/miles earned on your eligible earnings will be credited to your account. Check your Rewards Account Statement or your online Statement for updated activity.

As requested, a final copy of your bill will be emailed to you at ▮ See "Internet Privacy Statement" on Marriott.com.

Operated under license from Marriott International, Inc. or one of its affiliates.

**Please do not reply to this email.**
If the email does not display correctly, please click here.



VIEW YOUR ITINERARY ONLINE

| Trip on May 03, 2017 | Locator: ▮▮▮▮ | Date: **May 01, 2017** |
|---|---|---|

| Traveler | **IRA M FEINBERG -** ▮▮▮▮▮▮ |
|---|---|
| Customer Number | ▮▮▮▮▮▮ |
| Agent | DC |

---

## Wednesday, May 03, 2017                    Confirmation: ▮▮▮▮



### Flight American Airlines 1819

| DEPARTURE | ARRIVAL |
|---|---|
| **LGA - La Guardia, NY** | **ATL - Atlanta, GA** |
| **5:20 PM, May 03, 2017** | **7:57 PM, May 03, 2017** |

| Status | Confirmed |
|---|---|
| Class | Coach Class - L |
| Duration | 02:37 (Non-stop) |
| Equipment | Embraer EMB E90 |
| Meal Service | Food For Purchase |
| Reserved Seats | 25D (Aisle) |
| Frequent Flyer | AA4056230 |
| Notes | DEPARTS LGA TERMINAL C - ARRIVES ATL TERMINAL N |
| | TSA SECURED FLIGHT |

---

## Wednesday, May 03, 2017                    Confirmation: ▮▮▮▮



### Hotel FAIRFIELD INN N STES MARRIOTT

| LOCATION | CONTACT |
|---|---|
| **54 PEACHTREE ST SW** | **Tel 1678-7028600** |
| **Atlanta, GA US 30303** | **Fax 1678-7028601** |

| Reserved For | IRA M FEINBERG |
|---|---|
| Status | Confirmed |
| Check-In | May 03, 2017 |
| Check-Out | May 04, 2017 |
| Number of Rooms | 1 |
| Rate | USD 154.00/night |
| Membership No | ▮▮▮▮ |
| Notes | PAYMENT: TO BE PAID DIRECTLY AT THE HOTEL |
| | GUARANTEED BY: TRAVELLER CREDIT CARD AX |
| | CANCELLATION POLICY: PLEASE SEE DETAILS BELOW IN NOTES FIELD |
| | CANCELLATION RULES: 183.64 USD CXL FEE PER ROOM CANCELLATION |
| | PERMITTED UP TO 1DAYS BEFORE ARRIVAL |
| | COST/NIGHT: ROOM 154.00 USD |

**Thursday, May 04, 2017**                    Confirmation: █████

 **Flight Delta Air Lines 2186**

| DEPARTURE | ARRIVAL |
|---|---|
| **ATL - Atlanta, GA** | **LGA - La Guardia, NY** |
| **7:45 PM, May 04, 2017** | **10:10 PM, May 04, 2017** |

| | |
|---|---|
| Status | Confirmed |
| Class | Coach Class - Q |
| Duration | 02:25 (Non-stop) |
| Equipment | Airbus Industrie 320 |
| Meal Service | NO MEAL SVC |
| Reserved Seats | 25D (Aisle) |
| Frequent Flyer | █████████ |
| Notes | ENTERTAINMENT ON DEMAND/WI-FI/ |
| | DEPARTS ATL TERMINAL S - ARRIVES LGA TERMINAL D |
| | TSA SECURED FLIGHT |
| | CO2 CALCULATED PER PERSON BY CLIMATENEUTRALGROUP.COM/OFFSET-NOW |
| | CO2 LGAATL ECONOMY |
| | 232.42 KG PREMIUM |
| | 232.42 KG |
| | CO2 ATLLGA ECONOMY |
| | 232.42 KG PREMIUM |
| | 232.42 KG |
| | CO2 TOTAL ECONOMY |
| | 464.83 KG PREMIUM |
| | 464.83 KG |



**GENERAL INFORMATION**
REASON FOR TRAVEL: -
PERSON AUTHORIZING: -
DIRECTOR APPROVAL: -
----------------------------------------------------
PLEASE REVIEW YOUR ITINERARY AND CONTACT CWT
IMMEDIATELY IF CHANGES ARE REQUIRED
CARLSONWAGONLIT TRAVEL SERVICE FEES WILL NOT BE REFUNDED
PLEASE NOTE-EACH TRAVELER LISTED IN THIS ITINERARY
AGREES TO THE TERMS AND CONDITIONS WHICH ARE PART OF
----------------------------------------------------
YOUR RECORD LOCATOR FOR DELTA IS HYFFMX
YOUR RECORD LOCATOR FOR AMERICAN IS UNPIRB
ROUTING : NEW YORK ATLANTA
THIS TICKET MAY BE SUBJECT TO PENALTIES OR FARE INCREASE.
CHANGES MAY BE SUBJECT TO A PENALTY OR FARE
INCREASE UP TO AND INCLUDING THE TOTAL COST OF THE TICKET.
FAILURE TO CANCEL MAY FORFEIT THE TOTAL VALUE OF TICKET.
ROUTING : ATLANTA NEW YORK
THIS TICKET MAY BE SUBJECT TO PENALTIES OR FARE INCREASE.
CHANGES MAY BE SUBJECT TO A PENALTY OR FARE
INCREASE UP TO AND INCLUDING THE TOTAL COST OF THE TICKET.
FAILURE TO CANCEL MAY FORFEIT THE TOTAL VALUE OF TICKET.
FOR AIRPORT SECURITY INFORMATION SEE WWW.TSA.GOV
PLEASE VISIT WWW.CARLSONWAGONLIT.COM/AIRLINEBAGGAGEFEES
FOR BAGGAGE FEE INFORMATION.
CHECK OPERATING CARRIER FOR ALLOWANCE/CHECK IN DETAILS
IF TRAVELING ON A CODE SHARE FLIGHT
THE DEPARTMENT OF TRANSPORTATION REQUIRES CWT TO
PROVIDE INFORMATION REGARDING THEIR INSECTICIDE WEBSITE

Case 1:17-cv-01397-TCB   Document 46-1   Filed 01/30/18   Page 33 of 41

FOR A COMPLETE LIST OF COUNTRIES THAT UTILIZE
AEROSOL INSECTICIDE SPRAYS
----------------------------------------------
-- AFTER HOURS EMERGENCY SVC 800-638-5659 MEMBERSHIP - 1CE
-- THERE IS A 16.00 SERVICE FEE FOR AFTER HOURS EMERGENCY CALLS

UNITED STATES FEDERAL LAW FORBIDS THE CARRIAGE OF
CERTAIN HAZARDOUS MATERIALS SUCH AS AEROSOLS FIREWORKS
AND FLAMMABLE LIQUIDS ABOARD THE AIRCRAFT. TO LEARN
MORE ABOUT THESE RESTRICTIONS CONTACT YOUR AIRLINE OR
GO TO WWW.FAA.GOV/ABOUT/INITIATIVES/HAZMAT SAFETY/.

| Name | Invoice / Ticket / Date | Base | Tax 1 | Tax 2 | Tax 3 | Total |
|------|------------------------|------|-------|-------|-------|-------|
| FEINBERG/IRAM ██████████/01MAY17 | | USD 350.07 | 5.60AY | 26.26US | 8.60XT | 390.53 |
| FEINBERG/IRAM ██████████/01MAY17 | | USD 178.46 | 5.60AY | 13.38US | 8.60XT | 206.04 |
| | | | | | SERVICE FEE | 47.00 |
| | | | | | SERVICE FEE | 47.00 |
| | | | | | **Total Amount** | **690.57** |

Form of Payment: ██████████████

Traveler Resources | The Savvy Traveler blog | Data Protection Policy
Copyright © 2009-2017 CWT

## Summary of attached receipts totaling $1,185.70

| Date | Description | User | Amount | Invoice |
|------|-------------|------|--------|---------|
| 05/04/2017 | fee for service of process on State of Georgia | Bryan Sells<br>00011-Georgia State Conference of the NAACP | $92.85 | Pending Billing |
| 05/04/2017 | fee for service of process on Brian P. Kemp | Bryan Sells<br>00011-Georgia State Conference of the NAACP | $92.85 | Pending Billing |
| 05/02/2017 | filing fee for Emily Goldman PHV motion | Bryan Sells<br>00011-Georgia State Conference of the NAACP | $150.00 | Pending Billing |
| 04/20/2017 | filing fee | Bryan Sells<br>00011-Georgia State Conference of the NAACP | $400.00 | Pending Billing |
| 04/20/2017 | pro hac vice fee for Ira Feinberg | Bryan Sells<br>00011-Georgia State Conference of the NAACP | $150.00 | Pending Billing |
| 04/20/2017 | pro hac vice fee for Paul Wiley | Bryan Sells<br>00011-Georgia State Conference of the NAACP | $150.00 | Pending Billing |
| 04/20/2017 | pro hac vice fee for Jonathan Abram | Bryan Sells<br>00011-Georgia State Conference of the NAACP | $150.00 | Pending Billing |

**HOGAN LOVELLS US LLP**
**CHECK REQUEST**
**USE ONLY IN ABSENCE OF INVOICE**

TO:    ACCOUNTS PAYABLE

FROM:  Ira M. Feinberg
<br>(PLEASE PRINT)

| | |
|---|---|
| $$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$ | |
| ACCOUNTING USE ONLY: | |
| $$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$ | |

G.L. # _____
G.L. # _____
VENDOR # _____
DATE REC.

I.   DATE:        May 9, 2017
    PAYABLE TO:  The Law Office of Bryan L. Sells, LLC
    PERIOD COVERED:  (PLEASE PRINT CLEARLY OR TYPE)

    CHECK AMOUNT: $  $1,185.70

    EXPLANATION/SPECIAL INSTRUCTIONS: _____

    INVOICE WILL BE FORWARDED TO ACCOUNTING BY: __
    _____ (DATE)

    NO INVOICE WILL BE RECEIVED.  PLEASE EXPLAIN:

1099 ON FILE: _____
DATE PAID _____
CHECK # _____
BY _____

II.  PLEASE COMPLETE <u>ONE</u> OF THE FOLLOWING:
    A. CHARGE CLIENT:
        CLIENT NAME:      Hogan Lovells
        MATTER NAME:     LCCRUL – NVRA Georgia Litigation
        CLIENT/MATTER NUMBER:  ███████████

    B. CHARGE MY EXPENSE ADVANCE ACCOUNT 70: _____
                                 (TIMEKEEPER NUMBER)

    C. CHARGE FIRM ACCOUNT NUMBER: _____

III.  PLEASE COMPLETE <u>ONE</u> OF THE FOLLOWING:

    A. RETURN CHECK TO REQUESTOR.  CALL    **Cathy Golden x5832**
       EXTENSION:

    B. MAIL CHECK DIRECTLY TO (NAME, ADDRESS, CITY, STATE, ZIP CODE):

IV.  SIGNATURE: _____    DATE: _____ May 8, 2017

                    TIMEKEEPER NUMBER:   3103

NOTE:  (1)  Amounts over $500 charged to clients require <u>billing attorney</u> signature;
         (2)  Legal Assistants may authorize up to $250.00

H&H Rev. 05-17-10

Ancillary Legal Corporation
74 Goldrush Circle NE
Atlanta, GA 30328
Phone: (404) 459-8006
Fax: (404) 459-0916

## INVOICE

Invoice #ANC-2017001648
4/25/2017



Bryan Sells
Sells Law Office
PO Box 5493
Atlanta, GA 31107

**Case Number: 1:17-CV01397-0TCB**

Plaintiff:
**Georgia State Conference of the NAACP, et al.**

Defendant:
**State of Georgia**

Received: 4/21/2017   Served: 4/25/2017 2:52 pm  ALC - CORPORATE
To be served on: State of Georgia c/o Christopher M. Carr, esq., Attorney General of the State of Georgia

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Rush Fee | 1.00 | 25.00 | 25.00 |
| Service Fee (Local) | 1.00 | 50.00 | 50.00 |
| Printing | 119.00 | 0.15 | 17.85 |
| **TOTAL CHARGED:** | | | **$92.85** |
| **BALANCE DUE:** | | | **$92.85** |

Please enclose a copy of this invoice with your payment.

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2e

Ancillary Legal Corporation
74 Goldrush Circle NE
Atlanta, GA 30328
Phone: (404) 459-8006
Fax: (404) 459-0916

## **INVOICE**

Invoice #ANC-2017001647
4/25/2017



Bryan Sells
Sells Law Office
PO Box 5493
Atlanta, GA 31107

**Case Number: 1:17-CV01397-0TCB**

Plaintiff:
**Georgia State Conference of the NAACP, et al.**

Defendant:
**State of Georgia**

Received: 4/21/2017    Served: 4/25/2017 3:00 pm  ALC - CORPORATE
To be served on: Brian P. Kemp, in his official capacity as the Secretary of State for the State of Georgia

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Rush Fee | 1.00 | 25.00 | 25.00 |
| Service Fee (Local) | 1.00 | 50.00 | 50.00 |
| Printing | 119.00 | 0.15 | 17.85 |
| TOTAL CHARGED: | | | $92.85 |
| BALANCE DUE: | | | $92.85 |

Please enclose a copy of this invoice with your payment. Tax ID:

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2e



**Bryan Sells <bryan@bryansellslaw.com>**

# Pay.gov Payment Confirmation: GAND CM ECF
7 messages

---

**paygovadmin@mail.doc.twai.gov** <paygovadmin@mail.doc.twai.gov>      Thu, Apr 20, 2017 at 12:00 PM
To: "bryan@bryansellslaw.com" <bryan@bryansellslaw.com>

Your payment has been submitted to Pay.gov and the details are below. If you have any questions or you wish to cancel this payment, please contact Kathy Sewell at (404) 215-1630.

Application Name: GAND CM ECF
Pay.gov Tracking ID: 261VRNVB
Agency Tracking ID: 113E-7099697
Transaction Type: Sale
Transaction Date: Apr 20, 2017 12:00:47 PM

Account Holder Name: Bryan L Sells
Transaction Amount: $400.00
Card Type: ██████████
Card Number: **██████████

THIS IS AN AUTOMATED MESSAGE.  PLEASE DO NOT REPLY.

---

**paygovadmin@mail.doc.twai.gov** <paygovadmin@mail.doc.twai.gov>      Thu, Apr 20, 2017 at 4:24 PM
To: "bryan@bryansellslaw.com" <bryan@bryansellslaw.com>

Your payment has been submitted to Pay.gov and the details are below. If you have any questions or you wish to cancel this payment, please contact Kathy Sewell at (404) 215-1630.

Application Name: GAND CM ECF
Pay.gov Tracking ID: 26200TSO
Agency Tracking ID: 113E-7101399
Transaction Type: Sale
Transaction Date: Apr 20, 2017 4:24:13 PM

Account Holder Name: Bryan L Sells
Transaction Amount: $150.00
Card Type: ██████████
Card Number: ██████████

THIS IS AN AUTOMATED MESSAGE.  PLEASE DO NOT REPLY.

---

**paygovadmin@mail.doc.twai.gov** <paygovadmin@mail.doc.twai.gov>      Thu, Apr 20, 2017 at 5:31 PM
████████████████████████████

████████████████████████████████████

██████████████████
████████████████
██████████

████████████

5/2/2017
The 01397 TCB an Dsll ush Gmail aa1gov mifileth 0r/30/18 G A1gov CM 9F
Case 1:17-cv-01397-TCB Document 46-1 Filed 01/30/18 Page 39 of 41



**Bryan Sells** <bryan@bryansellslaw.com>

---

## Pay.gov Payment Confirmation: GAND CM ECF

1 message

---

**paygovadmin@mail.doc.twai.gov** <paygovadmin@mail.doc.twai.gov>
To: "bryan@bryansellslaw.com" <bryan@bryansellslaw.com>

Tue, May 2, 2017 at 12:49 PM

Your payment has been submitted to Pay.gov and the details are below. If you have any questions or you wish to cancel this payment, please contact Kathy Sewell at (404) 215-1630.

Application Name: GAND CM ECF
Pay.gov Tracking ID: 2627IKNJ
Agency Tracking ID: 113E-7122270
Transaction Type: Sale
Transaction Date: May 2, 2017 12:49:45 PM

Account Holder Name: Bryan L Sells
Transaction Amount: $150.00
Card Type: ████████
Card Number: ████████

THIS IS AN AUTOMATED MESSAGE.  PLEASE DO NOT REPLY.

Card Number: ***********1002

THIS IS AN AUTOMATED MESSAGE.  PLEASE DO NOT REPLY.

**paygovadmin@mail.doc.twai.gov** <paygovadmin@mail.doc.twai.gov>                     Thu, Apr 20, 2017 at 5:40 PM

THIS IS AN AUTOMATED MESSAGE.  PLEASE DO NOT REPLY.

**paygovadmin@mail.doc.twai.gov** <paygovadmin@mail.doc.twai.gov>                     Thu, Apr 20, 2017 at 5:50 PM

IS AN AUTOMATED MESSAGE.  PLEASE DO NOT REPLY.

**paygovadmin@mail.doc.twai.gov** <paygovadmin@mail.doc.twai.gov>                     Thu, Apr 20, 2017 at 5:55 PM
To: "bryan@bryansellslaw.com" <bryan@bryansellslaw.com>

Your payment has been submitted to Pay.gov and the details are below. If you have any questions or you wish to cancel this payment, please contact Kathy Sewell at (404) 215-1630.

Application Name: GAND CM ECF
Pay.gov Tracking ID: 26203G1Q
Agency Tracking ID: 113E-7101636
Transaction Type: Sale
Transaction Date: Apr 20, 2017 5:55:55 PM

Account Holder Name: Bryan L Sells
Transaction Amount: $150.00
Card Type:
Card Number:

THIS IS AN AUTOMATED MESSAGE.  PLEASE DO NOT REPLY.

---

**paygovadmin@mail.doc.twai.gov** <paygovadmin@mail.doc.twai.gov>                Thu, Apr 20, 2017 at 6:26 PM
To: "bryan@bryansellslaw.com" <bryan@bryansellslaw.com>

Your payment has been submitted to Pay.gov and the details are below. If you have any questions or you wish to cancel this payment, please contact Kathy Sewell at (404) 215-1630.

Application Name: GAND CM ECF
Pay.gov Tracking ID: 26205F4N
Agency Tracking ID: 113E-7101647
Transaction Type: Sale
Transaction Date: Apr 20, 2017 6:26:40 PM

Account Holder Name: Bryan L Sells
Transaction Amount: $150.00
Card Type: A████████████
Card Number: ████████████

THIS IS AN AUTOMATED MESSAGE.  PLEASE DO NOT REPLY.