# EXHIBIT D
# DECLARATION OF WILLIAM V. CUSTER

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **GEORGIA STATE CONFERENCE OF** | * | |
| **THE NAACP, et al.,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **CA No. 1:17cv-01397-TCB** |
| **v.** | * | |
| | * | |
| **STATE OF GEORGIA and** | * | |
| **BRIAN KEMP, in his official capacity** | * | |
| **as Secretary of State for the State of** | * | |
| **Georgia,** | * | |
| | * | |
| **Defendants.** | * | |

**DECLARATION OF WILLIAM V. CUSTER**

I, William V. Custer, Esq., being duly sworn, declare as follows:

1. My name is William V. Custer. I am over the age of twenty-one (21)

years of age and am fully competent to execute this Declaration. I have knowledge

of the facts recited here, which are true and correct and are based on my personal

knowledge and my review of the records relating to the litigation matter styled as,

*Georgia State Conference of the NAACP v. State of Georgia and Brian Kemp*,

Civil Action No. 1:17cv01397-TCB (hereinafter, "GA NAACP litigation").

2. I make this Declaration in support of the motion for attorneys' fees and

litigation expenses.

3. I am a 1986 graduate of the University of Georgia Law School and a member of the State Bar of Georgia since 1986. I am admitted to the United States District Courts for the Northern District of Georgia, Middle District of Georgia, and Southern District of Georgia. I am admitted to the United States Court of Appeals for the Eleventh Circuit and United States Supreme Court.

4. I have been a resident in the Atlanta office of Bryan Cave LLP (formerly Powell Goldstein Frazier & Murphy LLP and Powell Goldstein LLP, "Powell Goldstein") since I began my private practice of law in 1986. I have extensive experience in representing both plaintiffs and defendants in complex commercial litigation matters. A number of these commercial disputes involved claims for attorneys' fees and litigation expenses in which I represented fee claimants and I have also defended against an award of fees by opposing counsel. In addition, over the course of my career, I have handled a number of public interest lawsuits representing a wide variety of business and public interests from the Georgia Banker's Association and the Georgia Chamber of Commerce to the Georgia State Conference of the NAACP.  Some of these cases have also involved claims for attorneys' fees and litigation expenses. My biography listing my relevant legal experience, found on the Bryan Cave's website, is attached hereto as Exhibit A.

5. I was asked by Plaintiffs' counsel to review the reasonableness of the hourly rates they are claiming in the motion for attorneys' fees and litigation expenses and to offer an opinion as to the reasonableness of such rates.

6. Based upon my practice experience and my personal knowledge of the billing and collection rates and practices of my firm and a number of other law firms, I am personally familiar with hourly billing and collection rates of lawyers who practice in the Atlanta metro area.

7. In connection with my review of the Plaintiffs' motion for attorneys' fees and litigation expenses in this matter, I also reviewed hourly rate information available from the online billing rates database of the Fulton County Daily Report, http://data.dailyreportonline.com/GoingRate.asp. I specifically reviewed the hourly rate data for litigation attorneys in the Atlanta area based on a search of the database performed on January 4, 2018. The data available included rates for certain attorneys from mid-size to larger firms from 2006 through 2014, but nothing later. In many instances, rates were available for some attorneys only until 2012, or earlier. The data that I reviewed showed that for partners during the years 2012-2014, rates ranged from $300-$950/hour and for associates rates

ranged from $285-$470.  Plaintiffs' counsel's claimed hourly rates are within the ranges that I reviewed that were reported in this survey for attorneys practicing in metro Atlanta firms.

8. In connection with this submission, I also reviewed the legal market survey data available from PriceWaterHouse Coopers ("PWC") for the Atlanta legal market, which is compiled from PWC's Billing Rate & Associate SalaryPlus, for the years 2013 through 2016. Each year's PWC survey includes the hourly rate information compiled from data for the prior year for attorneys and paralegals in Atlanta, Georgia for various law firms in the AmLaw 100. For example, the 2016 survey is based on data for rates billed in 2015. The survey data, as of January 1, 2016, states the following with regard to partner and associate standard hourly billing rates: *Partner Average Billing Rate (first and third quartiles presented):* $633-$761/hour; *Range for associates who were in the class of 2015 (first and third quartiles presented):* $319-$377; *Range for associates who were in the class of 2014 (first and third quartiles presented):* $327-$418; *Range for associates who were in the class of 2013 (first and third quartiles presented):* $347-$442; *Range for associates who were in classes prior to 2006 (first and third quartiles presented):* $476-$577.

9.  I have also reviewed a number of cases in the United States District Court for the Northern District of Georgia, Atlanta Division, in which Courts have made attorneys' fee awards in recent years.  These cases included: *Andrews v. Autoliv Japan Ltd.*, Civ. No. 1:14-CV-3432-WSD (N.D. Ga. July 28, 2017) (finding that the customary hourly rates of attorneys with Atlanta's Alston and Bird of $715 and $575, which were billed at a 15%  voluntary reduction in that litigation, were reasonable rates for a partner and senior associate in the Atlanta metro legal market); *W.A. Griffin v. General Mills*, 157 F.Supp.3d 1350 (N.D. Ga. 2016)(finding that $650/hour for a senior partner and $455/hour for an associate in an Erisa case were reasonable rates in the Atlanta market); *Moore v. Cook*, Civ. No. 1:07-CV-631-TWT (N.D. Ga. Oct 31. 2012) (finding hourly rate of $475 for civil rights attorney, Gerald Weber, in 2012 to be reasonable); *In re Application of: Anna Aleksandrovna Sergeeva*, Civil Action No. 1:13-CV-3437-LMM, DOC. 109-1 (N.D. Ga. October 20, 2015)(Lisa Strauss, a partner with Atlanta's Bondurant Mixson & Elmore, LLP averred that the firm's 2015 hourly rates for partners litigating the case ranged from $610 (13 years' experience) to $885 (40+ years' experience); and its hourly rates for associates ranged from $295 (1 year associate) to $395 (4 year associate)); *Purchasing Power, LLC, v. Bluestem Brands, Inc.*, 2016 WL 1389607, *2 (N.D. GA. April 6, 2016), *reversed on other grounds,* 851

F.3d 1218 (11th Cir. 2017)(finding hourly rates in 2016 of $650 for partners, $350 for associates and $225 for paraprofessionals to be "consistent with those charged by competent and experienced counsel for litigation of this type in the Atlanta metropolitan area."); *Georgia Advocacy Office v. Reese*, Civ. No. 1:15-CV-03372 (N.D. Ga. May 30, 2017) (awarding hourly rate of $520 to civil-rights attorney Gerry Weber).

10. It is my understanding that Plaintiffs' counsel in the GA NAACP matter are seeking attorneys' fees for their successful litigation of this matter at the following hourly rates based upon their experience and years of practice:

**Proposed Hourly Rates for Hogan Lovells US LLP Attorneys and Staff**

Ira Feinberg (Admitted: 1974): $650

Paul Wiley (Admitted: 2015): $400

Emily Goldman (Admitted: 2014): $400

Andrew Harris (JD. 2017)(Awaiting Admission): $300

**Proposed Hourly Rates for Lawyers' Committee for Civil Rights Under Law Attorneys:**

Ezra Rosenberg (Admitted: 1974): $650/hour

Julie Houk (Admitted: 1984): $550/hour

John Powers (Admitted: 2013): $400/hour

**Bryan Sells**

Bryan Sells (Admitted: 1998): $550/hour

11. Based on my experience, review of the Fulton County Daily Report and PWC surveys, and other sources of attorney rate information discussed above, it is my professional opinion that the hourly rates claimed by Plaintiffs' counsel in the GA NAACP litigation are within the reasonable metro Atlanta market rates for attorneys with comparable skills and experience.

12.  All of the senior counsel staffing this case for the Plaintiffs, including Ira Feinberg, Ezra Rosenberg, Julie Houk and Bryan Sells, are attorneys with many years of experience handling complex litigation matters, including civil rights and voting rights matters.  *See*, Exhibits A, Feinberg Decl., ¶¶2-7; Exhibit C, Rosenberg Decl., ¶¶4-19; Exhibit B, Sells Decl., ¶¶3-12, which are attached to Plaintiffs' Supplemental Brief.  Even the less experienced attorneys staffing this matter, namely, Paul Wiley, Emily Goldman and John Powers, all have impressive credentials and litigation experience. *See*, Exhibits A, Feinberg Decl., ¶¶8-10 and Exhibit C, Rosenberg Decl., ¶¶21-22.  I have also had the opportunity to personally work with Ezra Rosenberg, Julie Houk and John Powers on other Georgia voting matters and have found them to have broad subject matter knowledge of voting rights matters and excellent litigation skills.

7

13.  The skill and experience of Plaintiffs' counsel, including particular

expertise in voting rights litigation, allowed them to work very quickly in this

matter on a compressed time schedule to obtain an outstanding result, not only for

their clients in the litigation, but relief that benefited thousands of eligible

Georgians in the Sixth Congressional District who were able to submit voter

registration applications as a result of the Court's extension of the voter

registration deadline for the June 20, 2017 special runoff election and relief which

will benefit eligible Georgians who wish to register and vote in future runoff

elections for federal offices.

14. I have also reviewed the facts and circumstances of this case, from

its initial stages, including the notice letter served by Plaintiffs' counsel to the

Georgia Secretary of State that was required by the National Voter Registration

Act of 1993; through the filing of the complaint and motion for emergency relief;

and the Consent Order resolving the merits of the case in favor of Plaintiffs.  I have

also reviewed the docket of activity before this Court as well as counsel's billing

statements submitted in support of this motion to assess the complexity of this

case.

15. Based upon my review of the time records in this case, my acquired

knowledge of the case, including from the docket sheet and court filings, my

experience in handling complex litigation, including complex civil rights cases, and my experience with the metro Atlanta market billing practices; it is my opinion that the time expended by Plaintiffs' counsel on this matter was reasonable under the circumstances.

16.  Plaintiffs' counsel billed a total of 351.38 hours for their work on this case and are claiming a lodestar of $184,084.  This work spanned a timeframe from March 2017 through the filing of this motion for the recovery of fees and litigation expenses in January, 2018.

17. As indicated in the billing summaries submitted by Plaintiffs' counsel in support of this motion (Exhibit A, Feinberg Decl, Exhibit 1; Exhibit B, Sells Decl., Exhibit C, Rosenberg Decl., Exhibit 1), the bulk of the time spent by Plaintiffs' counsel on this matter was during the period between March 2017 and the special runoff election for the Sixth Congressional District Seat on June 20, 2017.  This work generally involved an investigation of the matter and client engagement; the preparation of the initial pleadings, including the Complaint, emergency motions for preliminary relief, an Amended Complaint, the Reply brief in support of the emergency motions; preparing for and attending the oral argument of the emergency motions; and monitoring the implementation of the preliminary injunction.

18. It is my professional opinion that this work was reasonable and necessary for achieving the excellent result they obtained, with the Court granting virtually all of the emergency relief Plaintiffs sought in their motion for a preliminary injunction. [DOC. 29].

19. This order resulted in thousands of Georgians submitting voter registration applications who would have otherwise been denied the opportunity to vote in the Georgia Sixth Congressional District special runoff election because of provisions of the Georgia Constitution and state law which violated the NVRA's proscription against voter registration deadlines in excess of 30 days prior to an election. *See,* "Ahead of runoff, Georgia's 6th District now has almost 8,000 new voters," Atlanta Journal Constitution, May 31, 2017 (http://politics.myajc.com/news/state--regional-govt--politics/ahead-runoff-georgia-6th-district-now-has-almost-000-new-voters/nJNZ5x9gK7LdKJophEPQBL/(lLast checked January 12, 2018).

20.  After the June 20, 2017 runoff election, Plaintiffs' counsel spent considerably less time on the matter, but this work was just as important as the initial phases of the case since it ultimately resulted in the entry of a Consent Order [DOC 42] which will enable eligible Georgians in future runoff elections for

federal offices to register to vote without facing an onerous voter registration deadline that violates federal law.

21. Based on my experience and the review I conducted as discussed above, it is my professional opinion that both the hourly rates sought by the Plaintiffs' counsel and the amount of time Plaintiffs' counsel are claiming in their motion are reasonable under the circumstances.

22. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NOT.

/s/ William V. Custer
William V. Custer, Esq.
BRYAN CAVE LLP

11

# EXHIBIT A
# BIOGRAPHY OF WILLIAM V. CUSTER





# William V. Custer

Partner   Atlanta

**T:**  +1 404 572 6828
**E:**  bill.custer@bryancave.com

Mr. Custer has extensive experience representing corporate clients in a wide range of complex commercial litigation including disputes involving banking, insurance, and a variety of corporate transactions. Mr. Custer has been ranked by his peers in one widely-published poll as one of the top 100 lawyers in Georgia.

## Commercial and Fiduciary Litigation

As a result of the firm's considerable base of banking clients, Mr. Custer represents regional, national and international banks in cases involving such matters as lender liability, RICO, Truth in Lending, the False Claims

## Practices

Commercial Litigation

Product Liability

Toxic Tort

Fiduciary Litigation

Consumer Financial Services Litigation

Sports and Entertainment Group

## Admissions

Georgia, 1986

United States Supreme Court

Act, the Fair Housing Act, participation agreements, and fiduciary liability. With respect to trusts and estates litigation, in particular, Mr. Custer has extensive experience in such litigation throughout his career. He represents both fiduciaries and beneficiaries in many different and complex litigated matters including will caveats, petitions for equitable direction, disputes over the appointment of fiduciaries, disputes over the interpretation of instruments, and the defense of suits alleging breach of fiduciary duty.

## Product Liability and National Litigation Management

Mr. Custer's practice has also involved the management and coordination of multi-jurisdictional litigation and national product liability litigation. By way of example, Mr. Custer has acted as national class action counsel for one corporate client, national discovery counsel for one of the country's largest retail companies, national coordinating counsel for product liability claims against a Fortune 500 manufacturing company, national *Daubert* counsel for another Fortune 500 manufacturing corporation.

## Appeals

Mr. Custer routinely appears in the appellate courts and is called upon frequently to express the views of the business and banking community on important legal issues pending in the appellate courts through amicus curiae briefs. Among the cases in which Mr. Custer has

United States Court of Appeals for the Eleventh Circuit

United States District Courts for the Middle, Northern, and Southern Districts of Georgia

## Education

University of Georgia, J.D., 1986

Emory University, B.A., 1983

authored briefs on behalf of either the Georgia Chamber of Commerce or the Georgia Banking Association in recent years are: C*avalier Convenience, Inc. v. Sarvis*, 305 Ga. App. 141 (2010); *Smith v. Baptiste*, 287 Ga. 23 (2010); *State Farm Mutual Automobile Insurance Co. v. Hernandez Auto Painting and Body Work, Inc*., 312 Ga. App. 756 (2011); *Nat'l Federation of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 183 L. Ed. 2d 450 (2012); *Synovus Bank v. Griner*, 321 Ga. App. 359 (2013); *Scapa Dryer Fabrics, Inc., v. Roy Knight*, 299 GA. 286 (2016); and *Certainteed Corporation v. Marcella Fletcher*, S15G1903 (2016).

## Professional Activities

Mr. Custer has also been active during his career in the State Bar of Georgia having served as a Director of and member of the Executive Council of the Younger Lawyers Section in the early years of his practice, a member of the Board of Governors between 1998 and 2016, Chair of the Products Liability Law Section, as a Special Master in lawyer disciplinary proceedings, and as a member of various other committees.

Mr. Custer is a frequent speaker on legal issues and over the last several years has given seminars on such diverse topics as developments in Georgia evidence law, cybersecurity, social media evidence, the attorney-client privilege, e-discovery, and the art of negotiation.

Mr. Custer is also a consulting author of the *LexisNexis*

*Guide: Georgia Personal Injury (2015).*

**Pro Bono Activities**

Mr. Custer has participated as counsel in a number of high profile *pro bono* matters before the Georgia and federal courts including *Garner v. Jones*, 529 U.S. 244, 120 S. Ct. 1362, 146 L. Ed. 2d 236 (2000)(challenging changes in state parole procedures as a violation of the ex post facto clause); *Henderson v. Hames*, 287 Ga. 534, 697 S.E.2d 798, 800 (2010)(successful habeas corpus action overturning murder conviction); and *Inniss v. Aderhold*, 80 F. Supp. 3d 1335 (N.D. Ga. 2015) (successful challenge of state prohibition on same sex marriages). Pro bono teams led by Mr. Custer have received awards from the Lawyers Committee for Civil Rights and the Stonewall Bar Association for their outstanding service.

# Civic Involvement & Honors

- Benchmark Litigation (Litigation Star, 2014)

- Best Lawyers (Commercial Litigation, 2007-2014)

- Top 100 Georgia Super Lawyers (2011-2013)

- Georgia Super Lawyer (2004-2016)

# Professional Affiliations

- Lawyers' Committee for Civil Rights Under Law - Board Member

- Georgia Chamber - Board Member

- Lawyers Foundation of Georgia

- State Bar of Georgia

- State Bar of Georgia - Trial Practice Section

- State Bar of Georgia - Products Liability Section

- Gridiron

- Lumpkin Inn of Court

# Representative Experience

- Represented contractor in dispute with nuclear power facility over $40 million contract

- Represented a large building products conglomerate in litigation with former shareholders involving claims in excess of $100 million

- Represented a national bank in the defense of claims brought under the False Claims Act alleging tens of millions of dollars in damages stemming from fees charged in connection with mortgage originations

- Represented a major league baseball team in litigation with its landlord over a change in the team's name in which the landlord sought over $300 million in damages

- Represented over fifty banks in a loan participation in their claims against a developer involving an $89 million revolving line of credit and subsequent fraudulent transfer litigation

- Represented national credit card processor in the defense of tortious interference with contract claim arising out of acquisition of competing company and alleging over $100

million in damages

- Represented national outdoor advertising company in defending a multi-million dollar verdict on appeal to the Georgia Court of Appeals and Georgia Supreme Court

- Represented seller of national security company in multi-million dollar purchase price dispute with purchaser

- Represented over sixty individual bottlers and an associated trade group in claims against a national beverage concern alleging violations of a national beverage distribution agreement

- Represented a national big box retailer in dispute with contractor over the construction of multiple stores in the southeast

- Represented a national military contractor in its defense of claims brought under the False Claims Act alleging tens of millions of dollars in damages arising from a contract to maintain military vehicles

- Represented a bankruptcy trustee in fraudulent transfer claim against sellers of stock in a leveraged buyout transaction

- Represented a national insurance company in multiple cases alleging bad faith failure to settle underlying claims

- Represented multiple banks in class actions alleging violations of the Electronic Funds Transfer Act

- Represented both originating banks and participant banks in numerous disputes over participation agreements relating to real estate loans

- Represented the Chambers of Commerce for the States of Georgia, Arkansas, Florida, Illinois, Indiana, Kentucky, Michigan, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Washington, and Wisconsin as an *amicus curiae* in proceedings before the United States Supreme Court challenging the constitutionality of the Affordable Care Act ("Obamacare")

- Represented the Georgia Chamber of Commerce as an *amicus curiae* in various proceedings before the Georgia Supreme Court, the Georgia Court of Appeals and the United States Court of Appeals for the Eleventh Circuit involving tort reform issues

- Represented the Georgia Bankers Association as an *amicus curiae* in various proceedings before the Georgia Supreme Court and the Georgia Court of Appeals involving disputes over fees and foreclosure requirements

- Represented the beneficiaries in various disputes involving a complex estate of an internationally known recording artist

- Represented a trust company in disputes involving the distribution of assets from a trust established for the benefit of descendants of Asa Candler, the founder of the Coca-Cola Company

- Represented a trust department in a suit alleging breach of fiduciary duty involving the investment choices made in a large common trust fund

- Represented beneficiaries in dispute over distribution of assets involving the estate of the former Governor of Ohio

- Represented corporate trust department accused of breaching fiduciary duty imposed under trust indenture by disposing of certain trust property

# Publications

- "Lessons Learned in Recent Participation Agreement Litigation," *The Banking Law Journal*, co-authored with Jennifer Dempsey, November/December 2014

- "The Development of Judicial Policy on the Phenomenon of Multiple Chemical Sensitivity in the Post-Daubert Era," 15 *Journal of Toxicology and Industrial Health* 428, co-authored with E. Kertscher, 1999

- "Tainted Imports Require Refresher On CPSC Reporting Requirements; Companies Must Report a Product if a Defect Constitutes a Substantial Product Hazard," *Industry Week*, co-authored with Adwoa Ghartey-Tahoe Seymour, August 2007

- "Multiple Chemical Sensitivity Syndrome: The Wavering Influence of the Courts on Public Policy," 24 *Regulatory Toxicology and Pharmacology* S182, 1996

# Speaking Engagements

- "Where Do We Draw the Line?  The Law (and Politics) of Political Gerrymandering," Panel Member, Atlanta Ga., July 2017

- "Multistate Practice and the Attorney Client Privilege," In-House Legal Department, June 2017

- "Excessive Force Claims Under State and Federal Law," Lumpkin Inn of Court, Atlanta, Georgia, January 2017

- "Hot Topics For In-House Counsel: Unlicensed Practice of Law and Protecting the Attorney Client Privilege," Annual Bryan Cave Client Seminar, Atlanta, Georgia, January 2017

- "Ethical Issues in Bank Representation," Georgia Bankers Association, Bank Counsel Conference, Greensboro, Georgia, October 2016

- "Social Media Evidence," Bench and Bar Seminar, Annual Meeting of the State Bar of Georgia, June 2016

- "The Current Crisis in Civil Justice Reform,"  The Georgia Chamber of Commerce, Government Affairs Council, St. Simons Island, Georgia, June 2016

- "Hot Topics for In-House Counsel," Client Seminar, New York, New York, May 2016

- "Trial Advocacy:  Opening Statements and Closing Arguments," Bryan Cave In-House Seminar, Atlanta, Georgia, April 2016

- "Update on Social Media Law," Client Seminar, Alpharetta, Georgia, April 2016

- "Cybersecurity – Threats from Nation States to Hackers in the Basement – How to Minimize Liability to Customers and Third Parties," ICLE Banking Law Seminar, Atlanta, GA, February 2016

# Events

Blanchard, Custer to Present at 2016 Bank Counsel Conference

Atlanta Partners to Speak at 2016 Annual Meeting of the State Bar of Georgia